THOMPSON, Judge.
The Department of Health and Rehabilitative Services (“HRS”) appeals the trial court’s order denying HRS’s petition for termination of parental rights. We have jurisdiction. Fla.RApp.P. 9.020(g)(3), 9.030(b)(1)(A). We affirm the entry of the order.
Section 39.464, Florida Statutes (1991) provides the grounds for termination of parental rights. The grounds may include: voluntary relinquishment; abandonment; severe or continuing abuse or neglect; egregious abuse; and abuse, neglect or abandonment. *1256 § 39.464, Fla.Stat. (1991). In this case, the trial court found that HRS failed to prove by clear and convincing evidence that there were any grounds for termination of parental rights. The trial court also specifically found the parents substantially complied with the performance agreement entered into with HRS. See § 39.467(3)(d), (e), Fla.Stat. (1991); see also H.R.S. v. Zeigler, 587 So.2d 602 (Fla. 5th DCA 1991) (only if all the required elements of section 39.467 are present is the court authorized to terminate parental rights). Because a review of the record supports the trial court’s findings, we cannot say that the trial court’s findings are clearly erroneous or lacking in evidentiary support. See In the Interest of D.J.S. v. H.R.S., 563 So.2d 655, 661-62 (Fla. 1st DCA 1990) (in reviewing a trial court’s determination that evidence in support of a petition to sever parental rights is clear and convincing, appellate court will not overturn unless it may be said as a matter of law that no one could reasonably find such evidence clear and convincing). Given these findings, the trial court was entirely correct to deny the petition to terminate parental rights because HRS did not meet its burden of proof. § 39.467(d), (e), Fla.Stat. (1991); Zeigler, 587 So.2d at 602. Based upon our review of the record, we cannot say the trial court abused its discretion. For these reasons, we affirm the entry of the order.
.AFFIRMED.
COBB and DIAMANTIS, JJ., concur.