732 So.2d 374 (1999)
Leland PETERSEN and Christine Petersen, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 98-2257.
District Court of Appeal of Florida, Fifth District.
February 26, 1999.
Rehearing Denied April 7, 1999.
*375 R. Mitchell Prugh of Middleton & Prugh, P.A., Melrose, for Appellants.
H. Stephen Pennypacker, Gainesville, for Appellee.
LESTER, K. R., Jr., Associate Judge.
Appellants, Leland and Christine Petersen, appeal an order adjudicating their minor child, Jamie Petersen, dependent based upon a finding that the child was at substantial risk of imminent abuse or neglect.
Before the dependency hearing in this case, the Petersens filed a motion in limine to exclude any evidence pertaining to any issues previously determined in Kevin Gaudette, Jr.'s[1] dependency and termination proceedings in a separate, unrelated case. At the conclusion of the dependency hearing in this case, they moved for a judgment of dismissal on the ground that appellee, the Department of Children and Families (DCF), had failed to prove its case by a preponderance of the evidence. DCF opposed the motion in part based upon the testimony of Dr. Anastasia Wells, a psychologist who had testified in the termination case involving Kevin Gaudette, Jr.[2] Apparently, Wells found that Christine was incapable of developing adequate parenting skills because of a low I.Q. which was in the mental retardation range. Additionally, she diagnosed her with a "borderline personality, dependent personality" with poor prospects for rehabilitation. She found specifically that Christine would be unable to protect a dependent child from abuse because of the disorder.
The Petersens contend on appeal that the trial court erred by admitting Wells's testimony from the termination of parental rights case against Christine which occurred four years before the dependency hearing in this case.[3] They contend that their attorney did not have an opportunity to cross-examine Wells and that the trial court did not have an opportunity to view her demeanor. Moreover, Leland was not a party to that proceeding. The Petersens maintain that DCF is collaterally estopped from relying on the foregoing testimony to relitigate issues which were litigated in a former proceeding because the trial court's ruling on those issues is res judicata.
DCF contends in response that the doctrine of collateral estoppel is inapplicable because there is no identity of issues between the previous termination of parental rights case involving Kevin Gaudette, Jr. and the present dependency case involving Jamie Petersen. It contends additionally that the trial court did not err in relying upon Wells's testimony in the prior case because Christine had an ample opportunity *376 to cross-examine her. Moreover, it contends that she could have presented evidence in the present case to rebut the testimony. Finally, it contends that the testimony was admissible under section 39.467, Florida Statutes (1997) which provides:
39.467 Adjudicatory hearing.
* * *
(3) The adjudicatory hearing must be conducted by the judge without a jury, applying the rules of evidence in use in civil cases and adjourning the case from time to time as necessary. For purposes of the adjudicatory hearing, to avoid unnecessary duplication of expense, the judge may consider in-court testimony previously given at any properly noticed hearing, without regard to the availability or unavailability of the witness at the time of the actual adjudicatory hearing, if the recorded testimony itself is made available to the judge. Consideration of such testimony does not preclude the witness being subpoenaed to answer supplemental questions.
We reverse. Contrary to DCF's assertion, Wells's testimony was not admissible under section 39.467(3) as that section allows the admission of in-court testimony previously given at a properly noticed hearing in the same case rather than in a prior, unrelated proceeding. We agree with the Petersens that the admission of expert testimony in a prior, unrelated case with different standards of proof was prejudicial. In a dependency case, DCF is required to prove the elements by a preponderance of the evidence. § 39.408(2)(b), Fla. Stat. (1997). In a termination of parental rights case, however, it is required to prove the elements by clear and convincing evidence. § 39.467(1), Fla. Stat. (1997). It is elemental that the differing standards of proof in each case will necessarily give rise to different trial strategies by the parties and different rulings by the trial court. Additionally, in the present case, the Petersens were denied the right to effectively cross-examine Wells as to her credentials and as to the substance of her testimony. Moreover, as the Petersens contend, Leland was not even a party to the earlier proceeding. We further find that Wells's testimony should not have been admitted because of the four-year hiatus between the dependency case and the termination case which renders its relevance questionable. Because of our disposition of this issue, it is unnecessary to address the remaining points on appeal.
REVERSED.
W. SHARP, and GOSHORN, JJ., concur.
NOTES
[1] Kevin Gaudette, Jr. is the son of Christine Petersen and Kevin Gaudette, Sr.
[2] Although the hearing transcript of the termination case is not in the record, it was admitted into evidence. Wells's testimony is also referred to in the deposition of Sheryl Daley, a child protective investigator with DCF, which was admitted into evidence.
[3] Christine Petersen prevailed in the termination case. See Department of Health & Rehabilitative Services v. Gaudette, 648 So.2d 1255 (Fla. 5th DCA 1995).