PER CURIAM.
E.B. appeals from an order adjudicating his stepchildren dependent based on the trial court’s finding that he sexually abused two of his five stepchildren. We affirm.
Two of E.B.’s stepdaughters, D.W. and T.W., made allegations that he had sexually abused them. Both girls recanted, and as a result, the criminal charges were dropped.
At the dependency hearing, D.W. testified that she had lied because she resented her stepfather’s authority. T.W., however, testified as to two incidents where the stepfather had sexually abused her. After a court break, when T.W.’s testimony continued, she once again recanted.
The trial court adjudicated the five children dependent and prohibited the stepfather from having any contact with his stepchildren. In doing so, the trial court concluded that “T.W.’s in-court testimony alone enables the Court to find by a preponderance of the evidence that [the stepfather] sexually abused T.W.”
As to D.W., who was over eleven years old, the trial court, relying on Department of Health & Rehabilitative Services v. M.B., 701 So.2d 1155 (Fla.1997), admitted D.W.’s prior inconsistent statements as substantive evidence. M.B. is based on the hearsay exception of section 90.803(23), Florida Statutes, which is limited to chil *1146 dren who are eleven years of age or less.[1] The stepfather’s appeal followed.
The stepfather contends that the trial court erred by finding T.W. dependent because the trial court relied solely on the in-court testimony that T.W. subsequently recanted. We disagree.
At the dependency hearing, the trial court acted as the trier of fact. As the trier of fact, the trial court was free to believe parts of T.W.’s testimony and disbelieve other parts. Myron v. South Broward Hosp. Dist, 703 So.2d 527, 531 (Fla. 4th DCA 1997). In the instant case, based on T.W.’s demeanor while testifying, the trial court chose to believe T.W. when she described two incidents of sexual abuse and to disbelieve her when she later recanted. Based on T.W.’s trial testimony, the Department of Children and Families [Department] proved by a preponderance of the evidence that the stepfather had sexually abused T.W.
The stepfather also contends that the trial court erred by relying on M.B. to admit D.W.’s prior inconsistent hearsay statements as substantive evidence. Both the Department and the Guardian Ad Li-tem Program [Guardian] have properly conceded error as to that point.[2]
The Department and Guardian, however, argue that the trial court’s finding of dependency as to T.W. may serve as grounds for finding the other children, including D.W., dependent. We agree.
As discussed above, the Department met its burden of proving by a preponderance of the evidence that the stepfather had sexually abused T.W. The trial court also found that based on this finding, all the children, including D.W., were at “prospective risk of harm from [the stepfather].” The trial court’s finding of dependency as to T.W. was sufficient to find the other children in the home, including D.W., dependent. See Padgett v. Department of Health & Rehabilitative Servs., 577 So.2d 565 (Fla.1991)(holding that prior termination of parental rights in other children can serve as ground for terminating the parents’ rights as to another child); M.F.G. v. Department of Children & Families, 723 So.2d 290 (Fla. 3d DCA 1998)(same); see also Department of Health & Rehabilitative Servs. v. M.B., 701 So.2d 1155, 1157 n. 3 (Fla.1997). As such, we affirm the trial court’s order finding all of the children in the home dependent.
Affirmed.

. In extending the Florida Supreme Court's holding in M.B. to D.W., the trial court stated: "It is this Court’s position that if a court were prohibited from extending the reasoning in Department of Health and Rehabilitative Services v. M.B. to children over the age of 11, the law would be creating an absurdity.”

. The trial court recognized that section 90.803(23) does not apply to children over eleven years of age, but nonetheless opted to disregard the statute. We would like to remind the trial court that although it may disagree with the statute and believes that the eleven-year-old age limit creates an "absurdity," it was still bound to follow the statute. Any amendments to section 90.803(23) must be made by the legislature, not the judiciary.