800 So.2d 676 (2001)
K.C., Father of C.M., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D01-712.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
*677 Daniel M. Lake, Kissimmee, for Appellee.
PALMER, J.
K.C. (father) appeals the trial court's finding of dependency as to his newborn daughter, C.M., which was based upon the father's alleged physical abuse of his girlfriend's other daughter A.M., who is C.M.'s half-sister. Concluding that the trial court improperly relied upon its memory of the testimony presented in A.M.'s dependency proceeding, a proceeding in which the father was not a party and the testimony from which was not admitted in this proceeding, and concluding further that the Department of Children and Families (DCF) failed to establish a nexus between the father's alleged abuse of A.M. and the potential risk of the father abusing C.M., we reverse.
DCF filed a petition for dependency regarding C.M. alleging a claim of prospective abuse. The petition alleged that C.M.'s half-sister A.M. had been adjudicated dependent as to the children's mother based on the mother's neglect and failure to protect A.M. from abuse by the father. At the start of the adjudicatory hearing, the trial court took judicial notice of A.M.'s adjudication of dependency, although the transcript from that proceeding was not entered into evidence. The father was not named as a party to the prior case, since he is not related to A.M. DCF contended that, given the injuries which were inflicted by the father on A.M., it was better to shelter C.M. and protect her from the risk that he might also injure her. DCF explicitly stated that the decision to shelter C.M. was based on the mother's prior adjudication as to A.M., and the fact that the father planned to be a part of C.M.'s life. DCF made no allegation that the father was abusing C.M. At the conclusion of DCF's case, the father moved to dismiss the petition because DCF failed to demonstrate a connection between the harm which was inflicted on A.M. by the father and a substantial likelihood of imminent harm being inflicted on C.M.[1] The trial court denied the motion stating that it had taken judicial notice of A.M.'s dependency order and had recollections of the testimony presented in that case. At the conclusion of the hearing, the court adjudicated C.M. dependent as to the father.[2]
The father argues that the trial court erred in so ruling because DCF failed to establish that C.M. was at a substantial risk of suffering imminent abuse, and that the court improperly considered evidence from A.M.'s dependency proceeding. We agree. Our decision is dictated by In re: M.F., 770 So.2d 1189 (Fla.2000), and Petersen v. Dep't of Children & Families, 732 So.2d 374 (Fla. 5th DCA), rev. denied, 740 So.2d 527 (Fla.1999).
In M.F., DCF filed a petition to remove three children from the mother's care alleging that she failed to protect them from being abused and neglected by her paramour, R.F. R.F. was convicted for attempting to sexually batter K.F., one of the mother's three children but not R.F.'s biological daughter. Id. at 1190. The circuit court granted the petition, adjudicated the children dependent, and placed the *678 children in temporary care finding, in relevant part, that the mother's other two children, who were R.F.'s biological daughters, were at risk of suffering from R.F.'s prospective abuse and neglect. Id. R.F. challenged the dependency adjudication only as to his biological children, not as to K.F. Id. at 1191. The Second District affirmed, stating that the certified copy of R.F.'s conviction for the child sex offense, standing alone, was sufficient to establish dependency of all three children. Id. In so ruling, the Second District adopted the holding of the Third District in E.B. v. Dep't of Children and Family Services, 733 So.2d 1145, 1146 (Fla. 3d DCA 1999) which found the act of sexual abuse of a child sufficient by itself to establish a substantial likelihood of future abuse of a sibling, and certified conflict with decisions of this court which required additional evidence of a likelihood that the parent would similarly abuse the other children. Id. at 1192. In resolving the conflict among the districts, the Supreme Court concluded that the approach taken by the Fifth District was more consistent with the plain language of the Florida Juvenile Justice Act, and thus held that a simple showing by DCF that a parent committed a sex act on one child does not, by itself, constitute proof that the parent poses a substantial risk of imminent abuse or neglect to the child's sibling, as is required by section 39.01(11) of the Florida Statutes to establish dependency. The Court went on to hold that, while evidence concerning the commission of such an act may be "highly relevant," it is not automatically dispositive, and courts must focus on all of the circumstances surrounding the petition in each case when considering a petition for dependency. Id.
The father contends that the trial court improperly rejected the applicability of M.F. by basing its adjudication of dependency solely on evidence of A.M.'s dependency adjudication. We agree. Furthermore, although the trial court stated that it took into account the surrounding circumstances by relying on its memory of the testimony in A.M.'s adjudication proceeding, such testimony was not properly before the court for its consideration because the transcript of the proceeding was not admitted into evidence. Rather, the trial court relied solely on its memory of the testimony. Also, since the father was not a party to the prior proceedings, he had no opportunity to challenge the evidence or cross-examine the witnesses in that case.
In Petersen v. Dep't of Children & Families, 732 So.2d 374 (Fla. 5th DCA), rev. denied, 740 So.2d 527 (Fla.1999), the parents appealed an order adjudicating their minor child dependent based on claims of prospective abuse or neglect. At the dependency hearing, the trial court allowed into evidence medical testimony from a prior termination case involving the child's half-sibling. The evidence indicated that the mother had inadequate parenting skills and was mentally retarded. Upon review, this court reversed the adjudication order, concluding that the medical testimony was not admissible under section 39.467(3) of the Florida Statutes (1997)[3] since that statute only allows the admission of incourt testimony previously given at a properly noticed hearing in the same case, not in a prior, unrelated proceeding. The court further noted that the parents were denied the right to effectively cross-examine the doctor as to her credentials and the substance of her testimony, and that the father was not a party to the termination proceeding. See also Truxell v. Truxell, 259 So.2d 766 (Fla. 1st DCA 1972) (holding *679 that it was error for divorce court to take judicial notice of testimony, which was adduced in prior separate maintenance action brought by wife and later abandoned but which was not offered in evidence at hearing in divorce action).
Without considering the testimony from A.M.'s dependency proceeding, the only evidence before the trial court was the dependency order entered against the mother in A.M.'s dependency proceeding. Such evidence was insufficient to support a dependency finding as to the father. See Hroncich v. Dep't of Health & Rehab. Servs., 667 So.2d 804 (Fla. 5th DCA 1995) (holding that, before prospective abuse can be found for a dependency adjudication, the evidence must show a parent's past conduct, or current mental condition, makes the risk of future harm to the child likely). Accordingly, the trial court erred in denying the father's motion to dismiss the instant dependency petition.
ORDER REVERSED and CAUSE REMANDED for entry of a dismissal order.
PLEUS, J., concurs.
GRIFFIN, J., dissents, without opinion.
NOTES
[1] DCF's own statement at trial supports the father's position. After presenting all of its available witnesses, DCF requested a continuance due to the fact that an essential witness was not available and that "we would need that evidence in order to prove our case of dependency." The court denied the request for continuance and DCF then rested its case without presenting any additional evidence.
[2] The mother executed a stipulation which was accepted by the court, wherein she entered into a case plan with DCF while at the same time maintaining custody of C.M.
[3] Renumbered as section 39.809(3), Florida Statutes (2000).