# Third District Court of Appeal

## State of Florida

Opinion filed November 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1114
Lower Tribunal No. 14-15719
_____

**M.C., the mother,**
Appellant,

vs.

**The Department of Children
& Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Maria Sampedro-Iglesia, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region of Florida, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant.

Laura J. Lee (Sanford), Appellate Counsel for the Guardian ad Litem Program; Karla Perkins, Appellate Counsel for the Department of Children & Families; Paula Velazquez, Attorney ad Litem for E.C., minor child, for appellees.

Before SHEPHERD, EMAS and FERNANDEZ, JJ.

SHEPHERD, J.

This is a child neglect case back before us after our remand in M.C. v. Department of Children and Families, 186 So. 3d 74 (Fla. 3d DCA 2016) ("M.C. I") in which we reversed the trial court's termination of the mother, M.C.'s, parental rights as to E.C. and G.C., and directed the court to follow the procedure set forth in section 39.811 of the Florida Statutes (2015) to determine whether the evidence adduced at the adjudicatory hearing nevertheless supports a lesser adjudication of dependency as to either child. The pertinent facts of the case are copiously presented in our prior opinion. On remand, without considering further evidence, the trial court adjudicated the children dependent under sections 39.01(41) and 39.01(44) of the Florida Statutes. We affirm the adjudication as to E.C., but reverse the adjudication as to G.C.

We begin by noting that the standard of proof in a dependency proceeding is different from a termination of parental rights proceeding. The quantum of proof necessary to terminate parental rights is clear and convincing evidence. Petersen v. Dep't of Children & Families, 732 So. 2d 374, 376 (Fla. 5th DCA 1999). The quantum of proof required to declare a child dependent upon the state as to a particular parent or caregiver is the preponderance of the evidence. Id. In a dependency case, an appellate court will sustain an adjudication of dependency if the trial court applied the correct law and the finding is supported by competent

2

substantial evidence.   M.F. v. Fla. Dep't of Children  & Family Servs., 770 So. 2d 1189, 1192 (Fla. 2000).

Section 39.01(41) empowers the circuit court to find a child dependent upon finding of dependency based upon "medical neglect."  Section 39.01(44) more broadly empowers a court to adjudicate a child dependent upon a finding of "neglect" alone, specifying that such "neglect" occurs "when a child is . . . permitted to live in an environment [which] causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired."  Upon a careful review of the record in this case, we have no difficulty concluding that there exists competent substantial evidence in the record to sustain the trial court's findings that M.C. failed to thoroughly examine and attend to the non-verbal child, E.C.'s, severe injuries.  This evidence is sufficient to declare E.C. dependent as to his mother, M.C.

With regard to G.C., the evidence in the record is scant.  G.C. suffers from clinical depression and attention deficit disorder and exhibits behavioral problems including hyperactivity, not listening, and sometimes not following directions and rules.  He has run away from home at least twelve times.  Two days before the injury to E.C., a Department of Children and Families Child Protective Investigator met with G.C., and later G.C. was Baker Acted.  He was released to come home on the morning of the day E.C. suffered his injury. Louis Bernard Antoine, a child

psychiatrist who attended to G.C. for a period of six months before E.C. was injured, prescribed Adderall to G.C. in an effort to moderate G.C.'s attention deficit disorder, and opined that M.C. was "a bit overwhelmed by the situation because the child was very difficult." Although M.C. testified that she assured that G.C. took his medication, the trial court declined to credit her testimony. However, in our view, none of this evidence, considered either individually or in combination, is sufficient, to support a dependency adjudication as to G.C. For this reason, we reverse the adjudication of dependency as to G.C., and remand with directions to dismiss the petition as to G.C.

Affirmed in part and reversed and remanded in part.