723 So.2d 290 (1998)
In the Interest of M.F.G., et al., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, The State of Florida, and The Guardian Ad Litem Program, Appellees.
No. 97-3539.
District Court of Appeal of Florida, Third District.
October 14, 1998.
Rehearing Denied January 13, 1999.
*291 Bennett Brummer, Public Defender, and Calianne P. Lantz, Special Assistant Public Defender, for appellant.
Robin Greene, Miami, for appellee, The Department of Children and Families.
Nancy Schleifer, Miami, for appellee, The Guardian Ad Litem Program.
Before GERSTEN, GREEN, and SHEVIN, JJ.
GERSTEN, Judge.
The natural mother ("D.H.G.") appeals an order terminating her parental rights with respect to her son and adjudicating her daughter dependent. She argues that the State failed to produce sufficient evidence of prospective risk of neglect to support the court's remedies. We disagree and affirm.
In 1994, the Department of Children and Families ("the department") initiated dependency proceedings for D.H.G.'s son after the child's father sexually abused him. D.H.G. admitted to knowing about the abuse but, as experts explained, her "dependent personality" rendered her unable to do anything about it. Finding sufficient evidence of neglect and abuse, the trial court adjudicated the son dependent.
The court subsequently adopted a case plan in which both parents were required to attend counseling sessions and obtain housing and stable employment. The parents, however, failed to comply with these requirements and, as a result, the Citizen's Review Panel recommended termination of parental rights.
Based upon this recommendation, the trial court placed the son in foster care and terminated the father's parental rights. D.H.G., who was pregnant at the time, left the father and obtained employment as a live-in nanny. After she gave birth to a daughter, the department informed her that her employer had been convicted of aggravated child abuse and advised her not to raise her daughter in the employer's house. D.H.G., however, ignored this warning and continued to live in the employer's house with her newborn child.
The department subsequently filed a dependency petition with the court, claiming that the daughter was subject to a prospective risk of harm. Trial testimony revealed that D.H.G. maintains a haphazard and chaotic lifestyle, characterized by frequent changes in employment, financial instability, homelessness, impaired judgment, and complete dependency on others.
*292 Based upon expert testimony and D.H.G.'s own incoherent responses, the trial court found by clear and convincing evidence that D.H.G. suffers from a severe and chronic mental disorder and that she is unable to provide reasonable care for her children. Consequently, the court terminated D.H.G.'s parental rights to her son and adjudicated her daughter dependent. D.H.G. appeals from this order, claiming there was insufficient evidence to support the court's remedies.
It is universally recognized that parents have a strong interest in raising their children. See Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); Skinner v. State of Oklahoma ex rel Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); Foster v. Sharpe, 114 So.2d 373 (Fla. 3d DCA 1959). Raising children provides a person with the opportunity to secure the continuation of his or her values, and thereby, to influence the future of society. See Moore v. City of East Cleveland, Ohio, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977). The right to this influence is protected by both the U.S. and Florida constitutions. See Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); Meyer v. Nebraska, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); Beagle v. Beagle, 678 So.2d 1271 (Fla.1996); In Interest of R., 591 So.2d 1130 (Fla. 4th DCA 1992).
Compelling as this interest is, however, it is subject to one limitationthe ultimate welfare of the children. See State ex rel Sparks v. Reeves, 97 So.2d 18 (Fla.1957); In Interest of J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982). Children have a fundamental right to be free from abuse and neglect that supersedes parental rights. See Padgett v. Dep't of Health and Rehabilitative Servs., 577 So.2d 565 (Fla.1991).
Thus, where a child's welfare is threatened, the state may provide protective supervision for the child or, in limited circumstances, it may abolish parental rights altogether. See e.g., §§ 39.409(2), 39.469(2), Florida Statutes (1997). A parent's rights may be terminated where a high risk of abuse is shown by clear and convincing evidence.[1]See Hroncich v. Dep't of Health and Rehabilitative Servs., 667 So.2d 804 (Fla. 5th DCA 1995); In Interest of T.D., 537 So.2d 173 (Fla. 1st DCA 1989). This standard has been met where a parent suffers from a mental condition making future harm to the child likely, and where there is no reasonable basis to conclude that the parent's condition will improve. See Hroncich v. Dep't of Health and Rehabilitative Servs., 667 So.2d at 807; In re T.D., 537 So.2d at 175.
Here, the record reflects that D.H.G. allowed her son to be sexually abused in the past. Furthermore, D.H.G.'s mental illness, which renders her incapable of recognizing abusive personalities, her inability to find steady employment or dependable housing, and her unwillingness to change her lifestyle, demonstrate that she will be unable to adequately protect, or even provide for, him in the future. The department clearly and convincingly proved that the son was subject to a prospective risk of harm. See Gaines v. Dep't of Children of Families, 711 So.2d 190 (Fla. 5th DCA 1998).
We also find sufficient, competent evidence to support the court's determination that D.H.G.'s daughter was at risk of prospective harm and that it was in her best interest to be adjudicated dependent. As seen above, D.H.G. has proven herself unable to adequately provide for her daughter and has exposed her to environments in which her daughter's health and safety were in jeopardy. In order to adjudicate the daughter dependent, the department had to prove neglect by a preponderance of the evidence.[2] *293 See § 39.408(2)(b), Florida Statutes (1997); Hardy v. Dep't of Health and Rehabilitative Servs., 568 So.2d 1314 (Fla. 5th DCA 1990). It succeeded in this endeavor. See Hardy v. Dep't of Health and Rehabilitative Servs., 568 So.2d at 1316.
In sum, the trial court properly protected the interests of the children under these circumstances. Although we sympathize with D.H.G.'s position, "[o]ur sympathy for the mother cannot blind us to the overriding concern for the welfare of the child[ren]. We cannot help the one and shall not harm the other[s]." In re J.L.P., 416 So.2d at 1253. The trial court's decision to terminate D.H.G.'s parental rights with respect to her son was supported by clear and convincing evidence, and its decision to adjudicate her daughter dependent was supported by sufficient, competent evidence. See Gaines v. Dep't of Children and Families, 711 So.2d at 191; Hardy v. Dep't of Health and Rehabilitative Servs., 568 So.2d at 1316. Accordingly, the order entered below is affirmed.
Affirmed.
NOTES
[1] The intention of the legislature in allowing termination under these circumstances is to assure that each child receives "the care, guidance, and control in a permanent home which will serve the best interests of the child's moral emotional, mental and physical welfare and that such home preferably be the child's own home, or if that is not possible, an adoptive home." § 39.45, Florida Statutes (1997).
[2] "Neglect" is defined as occurring "when the parent ... deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired." § 39.01(36), Florida Statutes (1997). See also Dep't of Health and Rehabilitative Servs. v. P.H., 659 So.2d 1375 (Fla. 1st DCA 1995).