804 So.2d 616 (2002)
F.A.F., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D01-539.
District Court of Appeal of Florida, Third District.
January 23, 2002.
Albert W. Guffanti, Miami, for appellant.
Elizabeth Anon and Calianne Lantz, Miami, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
F.A.F. appeals from a final order terminating his parental rights. We affirm.
F.A.F. is the father of two children, now fourteen and six years of age. Although F.A.F. was granted supervised visits with the children after the petition for termination was filed, those visits apparently never took place, and several months later the trial court ordered the Department of Children and Families [DCF] to conduct a diligent search for the father. Once F.A.F. was located, DCF filed a case plan which included various conditions for him to fulfill, including parenting classes, substance abuse and domestic violence programs, psychiatric evaluation, and family counseling.[1] FAF failed to fulfill these conditions, refused to take drug tests, failed to report to his probation officer, changed his residence without consent and *617 was unable to be found, and failed to report to the Treatment Alternatives to Street Crime [TASC] program. As a result, the court revoked his probation. During the course of termination proceedings, the older child was the subject of a pickup order. The appointed psychologist reported that the child had a history of sexual abuse, was depressed and dealing with issues of abandonment and rejection. The child told the doctor that when she was with her parents, her parents routinely had violent arguments with physical abuse. The termination petition was subsequently granted based on the father's "neglect and abandonment since 1998."
The trial court correctly found that DCF established that the parents' behavior at home threatened the life, safety, well-being and the mental and emotional health of the children, irrespective of provision of services. DCF established that the parents engaged in egregious conduct which threatened the children, and that the parents knowingly failed to prevent such conduct. The evidence showed that F.A.F. engaged in ongoing criminal involvement with drugs, violated his California parole and his Florida probation, and at the time of the hearing was in federal immigration custody. In the more than two years between the children's removal from his custody and the trial, F.A.F. failed to contact DCF to ask about his children; he failed to see his son, and failed to request visitation or telephone contact.
The final order terminating F.A.F.'s parental rights is supported by substantial competent evidence, therefore it is affirmed.
NOTES
[1] F.A.F. has an ongoing history of drug abuse and sale and was incarcerated on several occasions, including at the time of the termination hearing. F.A.F. was present at the termination hearing via telephone.