905 So.2d 945 (2005)
T.V., Appellant,
v.
DEP'T. OF CHILDREN & FAMILY SERVICES, Appellee.
No. 3D04-32.
District Court of Appeal of Florida, Third District.
June 22, 2005.
*946 Ivy R. Ginsberg, Miami, for appellant.
Hillary S. Kambour; and Calianne P. Lantz, Miami, for appellee.
Before LEVY, C.J., and RAMIREZ, and ROTHENBERG, JJ.
RAMIREZ, J.
T.V., the natural mother, appeals the trial court's order terminating her parental rights as to her three children, pursuant to section 39.01(45), Florida Statutes (2002). We find clear and convincing evidence that the mother's continuing involvement with the children threaten the children's lives or future well-being pursuant to section 39.806(1)(c), Florida Statutes (2002), and therefore affirm the trial court's findings and conclusions.
The standard of review in a case where the trial court terminates parental rights is whether the judgment is supported by substantial and competent evidence. See F.A.F. v. Dep't of Children and Family Servs., 804 So.2d 616 (Fla. 3d DCA 2002). To justify a termination of parental rights, the department has the burden of proof to present clear and convincing evidence that a parent has abused, neglected or abandoned a child, or that the child is at substantial risk of future abuse, neglect, or abandonment. See E.K.B. v. Dep't of Children and Families, 724 So.2d 720, 721 (Fla. 3d DCA 1999).
We determine that the record evidence and trial testimony proves well beyond the clear and convincing standard of proof that the mother in this case suffers from a serious condition that renders her incapable of safely caring for her children, and poses a danger to the lives and future well-being of the children. The record demonstrates that the mother has a history of serious mental health problems. The mother has been Baker Acted at least twice, taken Prozac and Zanax medications, and written a suicide note. The record also shows that the mother has engaged in egregious conduct and demonstrated violent tendencies. She threatened family members with knives on more than one occasion, including her own mother and the father of one of the children. At the time of trial, the mother was incarcerated on charges related to these incidents. The mother likewise threatened to kill herself and the children. There is testimony that the mother twice threw a pillow at one of her children at a time during which the child was only a few months old. She admitted that she gets *947 tense and lashes out whenever she is stressed.
The evidence further demonstrates that the mother's risk of future neglect is high and it is unlikely that the mother's mental health situation will change in the near future. The mother attended only three out of eight previously recommended visits to a mental health counselor. The mother believes that she does not need services because she was in "perfect condition," and not a bad mother. She stated that her "major counselor is called Jesus Christ."
Affirmed.