975 So.2d 435 (2007)
R.P., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 2D06-3161.
District Court of Appeal of Florida, Second District.
March 23, 2007.
*436 Robert G. Hancock, Bradenton, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
R.P., the father of a daughter born in June 2000, appeals from a final judgment terminating his parental rights based on allegations that he had sexually abused his child. R.P. contends that the child was incompetent to testify and that the evidence was legally insufficient to demonstrate that he sexually abused her. In an unusual but forthright response, the State concedes that the trial court committed reversible error, and we agree. Accordingly, we reverse and remand for reinstatement of R.P.'s parental rights.
Section 39.809(1), Florida Statutes (2005), requires the Department of Children and Family Services to prove each element necessary for termination of parental rights by clear and convincing evidence. See In re D.D. (M.D. v. Dep't of Children & Family Servs.), 879 So.2d 10 (Fla. 2d DCA 2004); In re L.B.W. (V.W. v. Dep't of Children & Family Servs.), 863 So.2d 480 (Fla. 2d DCA 2004). "A trial court's determination that evidence is clear and convincing will not be overturned unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing." L.B. v. Dep't of Children & Families, 835 So.2d 1189, 1194 (Fla. 1st DCA 2002). We appreciate the Department's candor, but we are nevertheless required to undertake an independent review of whether the judgment was supported by clear and convincing evidence that R.P.'s parental rights should be terminated. We hold that the evidence in this case was legally insufficient for termination.
The trial court relied to some degree on both medical evidence and the testimony of the child, who was five years old at the time of the hearing. This young child fell woefully short of the standard for a competent witness. Her testimony was riddled with contradictions and made little sense, with the sole exception that it created a strong inference that some other person had told her what to say. We recognize that "[w]ide discretion is vested in the trial court to determine a child's competency as a witness." Kertell v. State, 649 So.2d 892, 893 (Fla. 2d DCA 1995) (citations omitted). Here, unlike Kertell, in which the trial court made an unsuccessful attempt to have the child witness qualified as competent, the trial court's inquiry into this child's competency was wholly inadequate. In spite of the father's challenge to this child witness, the trial court never allowed the father to voir dire, posed few questions to clarify her ability to understand the difference between the truth and a lie, and never made the required findings. In fact, the court concluded that "[w]hat she said today was . . . by itself non [sic] descriptive. She's a five year old." The child should have been disqualified from testifying. See § 90.603(2), Fla. Stat. (2005). Since she was not, the admission into evidence of her testimony in itself constituted harmful, reversible error. See Palazzolo v. State, 754 So.2d 731 (Fla. 2d DCA 2000).
*437 The trial court also relied on certain conflicting medical evidence that was simply insufficient to demonstrate that R.P. had sexually abused his daughter. The trial court actually concluded that these "pieces of evidence are . . . as described individually quite, unpredictable I guess would be the best word for it." Nevertheless, the trial court determined that even though the individual pieces of evidence were unconvincing, the medical evidence, when considered in conjunction with the child's incompetent testimony, constituted clear and convincing evidence of abuse. This unusual weighing of the evidence constituted reversible error.
Finally, we must observe that the trial proceedings were tape-recorded and transcribed by a court reporter with results that can only be described as dismal. The transcript is peppered with "[INAUDIBLE]" indications. Were we not reversing on the legal insufficiency of the evidence, the lack of a meaningful transcript would also require reversal. See McKenzie v. State, 754 So.2d 851 (Fla. 2d DCA 2000).
Reversed and remanded for reinstatement of R.P.'s parental rights.
SALCINES, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur in this opinion. It is very difficult to determine whether the Department actually proved its case in the trial court because of the low quality of the transcript that was prepared from a digital recording of proceedings in the courtroom. I would emphasize that although we reverse the order terminating R.P.'s parental rights, we are not holding that the situation does not warrant a dependency proceeding or other state involvement. The Department failed to prove in this proceeding that R.P. is the person who infected his young daughter with an incurable sexually transmitted disease, but it is undisputed that she has the disease.