10 So.3d 166 (2009)
K.G., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, et al., Appellees.
No. 3D08-2795.
District Court of Appeal of Florida, Third District.
March 25, 2009.
Rehearing and Rehearing En Banc Denied May 7, 2009.
*167 Restani, Dittmar & Hauser and Helen Ann Hauser, Coral Gables, for appellant.
Karla Perkins, for appellee, Miami, Department; Hillary S. Kambour, for Guardian ad Litem Program.
Before COPE, SHEPHERD, and SUAREZ, JJ.
SHEPHERD, J.
This is a mother's appeal from a final judgment terminating her parental rights as to her minor children, A.G., S.T., and K.G. Illustrative of the multiple reasons the trial court properly terminated K.G.'s parental rights in this case are the following, fully supported, findings of the trial court:
The Court finds that the Mother was given three (3) 6-month case plans for [a] total of eighteen (18) months to comply. During the January 2008 case plan, the 2nd case plan for Reunification, the Mother went into non-compliance having stopped services. During the June 2008 case plan, the 3rd case plan for Reunification, the Mother still had not attained substantial compliance. Pursuant to Florida Statute Section 39.806(1)(e)1, the Mother was required to comply with twelve (12) months of services with her case plan tasks. This Mother needed to have complied fully and substantially by the end of her January 2008 case plan. She did not comply. Yet, the Court gave her another chance with the 3rd case plan in June of 2008. Eventually it became evident in July of 2008 that the Mother could not realistically comply with completing a full G.E.D. program, substance abuse treatment/testing, and demonstrating parental responsibility through adequate housing, child support, and stable employment by the expiration of her 3rd case plan resulting in her non-compliance and material breach of her case plan. Therefore, for these aforementioned reasons, pursuant to Florida Statute Section 39.806(1)(e)1[,] the Mother's parental rights must be terminated based upon her non-compliance with her case plan tasks after being given well over twelve (12) [months] to comply.
As in M.M. v. Department of Children & Family Services, 867 So.2d 573 (Fla. 3d DCA 2004), K.G. has authored her own undoing. She has had chance after chance to reunite with her children in a timely and responsible way. Her repeated failure to take advantage of the services offered to her has left her children to languish in the system for more than two years. As the trial court properly observed:
This mother's [responses to her case plans] "epitomize[d] inconsistency. Her non-compliance with her case plan tasks as to [A.G.] and [S.T.] and her sudden *168 abandonment of [K.G.][1] are indicative of her inability and ill suited disposition to provide for the Children's food, clothing, medical care or remedial care. [S]he lacks the ability to care for her own Children's basic needs...."
Like the trial court, we are left with one impressionK.G. is not genuinely interested in ordering her life to parent her children. There is ample record evidence that her parental rights are deserving of termination. See M.M., 867 So.2d at 574-75; see also Russel v. Dep't of Health & Rehabilitative Servs. (In re L.R.R. & M.A.R.), 455 So.2d 598, 600 (Fla. 5th DCA 1984) (holding parent's inability to provide a proper and fit home coupled with abandonment or lack of a genuine interest in her children for almost a two-year period warranted termination of parental rights). We affirm the final judgment of termination of parental rights entered by the trial court.
Affirmed.
COPE, J. (specially concurring).
I concur in affirming the judgment on the basis of "[a]bandonment as defined in s. 39.01(1), [Fla. Stat. (2007)] ...." § 39.806(1)(b), Fla. Stat. (2007). The evidence supports that part of the "abandoned" definition which states, "If the efforts of the parent or legal custodian ... to support and communicate with the child are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned." Id. § 39.01(1). I am skeptical that the record adequately supports the ground cited in the majority opinion, an alleged material breach of the case plan. See id. § 39.806(1)(e)2. As an adjudication on one ground is sufficient, I concur in the judgment.
NOTES
[1] K.G. was born on January 21, 2008, during the course of his mother's efforts to satisfy the first case plan. Apparently overwhelmed by a third child, the mother stopped all services, dropped K.G. at a paternal aunt's home for an overnight stay and all but disappeared for months thereafter. K.G.'s special needs include gastral reflux and positional plagiocephaly, described in the final judgment as "a misshapen infant head."