*187
 
 SHEPHERD, J.
 

 R.S. appeals a final judgment terminating her parental rights to her two children, M.L. and C.A. The principal issue raised by R.S. on appeal, and the only one we address, is whether substantial competent evidence supports the trial court decision. Upon careful review of the record, we so find and, therefore, affirm the final judgment.
 
 [1]
 

 M.L. and C.A. were taken into custody on two occasions. First, in June 2003, the children were taken into custody based upon an affidavit stating the children were wandering the street. R.S. consented to an adjudication of dependency and was given a case plan. On December 16, 2004, after complying with the case plan, C.A. was reunified with R.S. On July 22, 2005, M.L. was reunified with R.S. The court retained jurisdiction over the children.
 
 See
 
 § 39.521(7), Fla. Stat. (2005).
 

 Four months later, on November 18, 2005, M.L. was returned to shelter care after stabbing her mother with a knife. On March 27, 2006, C.A. was sheltered because R.S. had been evicted from her home, had not secured alternate housing, did not notify the Department of Children and Family Services (DCF) as to her and C.A.’s whereabouts, as required by the terms of her reunification order, and C.A. had logged thirty-seven school absences.
 

 Although DCF did not take affirmative steps to foster visitation between R.S. and her children until August 21, 2006, R.S. never sought to initiate contact with either of her children between March 27, 2006, and August 21, 2006. In fact, she never sought or had any contact with M.L. between the date of the stabbing and the termination proceeding, despite an offer by DCF to arrange therapeutic visitations designed to facilitate their eventual reunification. Similarly as to C.A., R.S. appeared for just two of the scheduled visitations— on August 21 and September 1, 2006 — as a result of which, in December of that year, the trial court terminated visitations and entered a no contact order between R.S. and the children. The petition for termination was filed the next month.
 

 Section- 39.806(l)(b), Florida Statutes (2007), authorizes termination of parental rights through abandonment. Section 39.01(1), Florida Statutes (2007), defines abandonment as follows:
 

 “Abandoned” means a situation in which the parent ... of a child ... while being able, makes no provision for the child’s support and makes no effort to communicate with the child, which situation is sufficient to evince a willful rejection of parental obligations. If the efforts of the parent ... to support and communicate with the child are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned.... The incarceration of a parent ... may support a finding of abandonment.
 

 R.S. contends she sought to establish and maintain a relationship with her children when they were in DCF custody. She claims that, because of language difficulties and an unresponsive case worker, she was unable to fulfill her desire to establish a relationship with the children and obtain their release. The case worker testified to the contrary. She testified she arranged for multiple visitations for R.S. and her children prior to December 2006, including the therapeutic visitations for M.L., and that R.S. either refused to participate or did not appear, to the great
 
 *188
 
 disappointment of her children, resulting in the no contact order.
 

 Weighing the evidence presented, the trial court concluded DCF had proven, by clear and convincing evidence, the mother abandoned both M.L. and C.A. within the meaning of sections 39.01(1) and 39.806(l)(b). The court stated:
 

 Although the Mother may have some ability to provide the [cjhildren with food, clothing, medical care or other material needs of the children, she lacks the disposition to provide them with such.... Despite her income, the Mother failed to pay financial or other support towards the care of the children. The Mother has shown no desire to provide for the needs of the children.
 

 Although the evidence in this case is conflicting, we have held that a judgment will be affirmed where substantial competent evidence supports an order terminating parental rights.
 
 See F.A.F. v. Dep’t of Children & Family Servs.,
 
 804 So.2d 616 (Fla. 3d DCA 2002). The record here shows R.S. has authored her own undoing.
 
 See M.M. v. Dep’t of Children & Family Servs.,
 
 867 So.2d 573 (Fla. 3d DCA 2004). She has left her children to languish in the system for five years under DCF and court supervision,- without doing what is necessary to rescue her children from final DCF intervention.
 
 Id.
 

 [2]
 

 There exists substantial competent evidence to support the trial court decision. There is no merit to any of the other issues raised.
 

 Affirmed.
 

 [1]
 

 . The final judgment also terminates the parental rights of M.L. and C.A.'s father. The father did not appear at trial. He has not appealed the final judgment.
 

 [2]
 

 .
 
 K.G. v. Dep’t of Children & Families,
 
 No. 3D08-2795, 10 So.3d 166, 2009 WL 763609 (Fla. 3d DCA Mar. 25, 2009).