ROTHENBERG, J.
 

 I.D. (“father”) appeals from a final order terminating his parental rights as to G.D. Because there is clear and convincing evidence that the father engaged in egregious conduct under section 39.806(l)(f), Florida Statutes (2008); and sexual abuse, aggravated child abuse and/or chronic abuse under section 39.806(l)(g), we affirm the trial court’s order terminating the father’s parental rights on the basis of these findings. Because the trial court’s order (perhaps confusing the father’s case with that of G.D.’s mother) also finds abandonment under section 39.806(l)(b), and there is no evidence to support this finding, we reverse and remand with instructions to strike that portion of the trial court’s order.
 

 The evidence presented reflects that when G.D. was two years of age, her mother signed a power of attorney permitting
 
 *1119
 
 G.D. to live with a maternal cousin (“caretaker”) in Puerto Rico. G.D. visited her father in Miami twice and reported sexual abuse by her father on both occasions. G.D. testified that during her first visit with her father, at age six, her father used his penis, fingers, or tongue to penetrate her on a daily basis. Despite her father’s threats of physical abuse, G.D. informed her caretaker in Puerto Rico, but asked her caretaker not to contact the police.
 

 At age nine, G.D. was forced to visit her father again after he threatened to beat her caretaker if G.D. did not visit him. G.D. testified that her father beat his wife when she refused to leave the house. She also described that her father would hold her down when he penetrated her; that he bit her on the chest, buttocks, and hands; and he would stick his tongue in her mouth when he kissed her. When G.D. developed two small lumps inside her vagina, her father made G.D. spread her legs and he examined her. G.D. was taken to Miami Children’s Hospital, where she was examined and questioned by a doctor.
 

 After performing an investigation, Florida Department of Children and Family Services (“DCF”) filed a petition for termination of parental rights as to both the mother and the father based on the Child Protective Team’s report and meetings with the child, detective, nurse and attending physician.
 
 [1]
 
 Although the report did not provide specific medical evidence of sexual trauma, DCF concluded that based on the meetings and surrounding circumstances, it was likely that G.D. suffered sexual abuse by her father.
 

 The case proceeded to an adjudicatory hearing, at which G.D., DCF and the Guardian Ad Litem (“GAL”) testified. G.D. repeatedly stated that she never wanted to see her father again. Both DCF and GAL strongly recommended that the father’s parental rights be terminated.
 

 After hearing all of the evidence and finding G.D.’s undisputed testimony credible, the lower court submitted a written order terminating the father’s parental rights for engaging in egregious conduct, § 39.806(l)(f), sexual abuse pursuant to section 39.806(l)(g), as defined in section 39.01(67); aggravated child abuse, as defined in section 827.03, sexual battery or sexual abuse, as defined in section 39.01 or chronic abuse, § 39.806(l)(g); and for abandonment pursuant to section 39.806(l)(b), as defined in section 39.01(1).
 

 In the termination of parental rights, DCF has the burden to prove by clear and convincing evidence abuse, neglect or abandonment, or that the child is at substantial risk of future abuse, neglect or abandonment.
 
 See T.V. v. Dep’t of Children & Family Servs.,
 
 905 So.2d 945, 946 (Fla. 3d DCA 2005) (citing
 
 E.K.B. v. Dep’t of Children & Families,
 
 724 So.2d 720, 721 (Fla. 3d DCA 1999)). The standard of review where a trial court terminates parental rights on the basis of egregious conduct, is whether the order is supported by competent substantial evidence.
 
 T.V.,
 
 905 So.2d at 946. A trial court’s determination that clear and convincing evidence supports 'the termination of parental rights will not be overturned, unless found to be clearly erroneous or lacking in evidentiary support:
 
 R.P. v. Dep’t of Children & Family Servs.,
 
 975 So.2d 435, 436 (Fla. 2d DCA 2007);
 
 F.R. v. Dep’t of Children & Family Servs.,
 
 826 So.2d 449, 450 (Fla. 5th DCA 2002);
 
 M.R. v. Dep’t of Children & Family Servs.,
 
 783 So.2d 277, 278 (Fla. 3d DCA 2001) (citing
 
 In Re M.F.G. v. Dep’t of Children & Families,
 
 723 So.2d 290 (Fla. 3d DCA 1999)).
 

 
 *1120
 

 EGREGIOUS CONDUCT/SEXUAL ABUSE
 

 Section 39.806(l)(f) provides for termination of parental rights where a parent engages in egregious conduct that “threatens the life safety, or physical, mental or emotional health of the child.” Section 39.806(l)(f)(2) defines “egregious conduct” as:
 

 [A]buse, abandonment, neglect, or any other conduct that is deplorable, flagrant, or outrageous by a normal standard of conduct. Egregious conduct may include an act or omission that occurred only once but was of such intensity, magnitude, or severity as to endanger the life of the child.
 

 In dependency adjudications, it is within the province of the trial court to weigh the evidence presented and to make credibility determinations.
 
 M.R.,
 
 783 So.2d at 278;
 
 see also Shaw v. Shaw,
 
 334 So.2d 13, 16 (Fla.1976) (“It is not a function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it”)
 

 A parent’s sexual abuse of a child is “egregious conduct.”
 
 See, e.g., N.R.R. v. Dep’t of Children & Families,
 
 959 So.2d 359, 359-60 (Fla. 3d DCA 2007);
 
 Dep’t of Children & Families v. B.B.,
 
 824 So.2d 1000, 1007 (Fla. 5th DCA 2002) (finding sexual abuse of siblings sufficient to terminate father’s parental rights to other children for “egregious conduct”). The acts described by G.D. clearly constitute sexual abuse and egregious conduct. The father argues, however, that in the absence of physical evidence or testimony of “professionals” to corroborate G.D.’s testimony, DCF failed to prove sexual abuse or egregious conduct by clear and convincing evidence. We disagree.
 

 Neither physical evidence nor expert testimony is required to establish sexual abuse or egregious conduct by clear and convincing evidence.
 
 See G.C. v. Dep’t of Children & Families,
 
 791 So.2d 17 (Fla. 5th DCA 2001) (upholding a finding of sexual abuse by the father despite lack of physical evidence). Moreover, sexual abuse does not require penetration and can occur without any physical manifestations.
 

 The evidence relied upon by the trial court was primarily introduced through G.D., who was one day shy of her tenth birthday when she testified at the adjudicatory hearing. The trial court determined that G.D. understood the difference between the truth and a lie and found her testimony to be credible. The record supports that finding, and G.D.’s testimony was unrebutted and consistent throughout both direct and cross-examinations. Because it is the trial court that weighs the evidence and determines the credibility of witnesses, and the trial court’s findings are supported by competent substantial evidence, we affirm the trial court’s termination of the father’s parental rights on the basis of egregious conduct under subsection (l)(f), and sexual abuse under subsection (l)(g). As stated earlier, because the record does not support a finding based upon abandonment, we reverse that portion of the trial court’s order with instructions to strike the unsupported ground for termination of the father’s parental rights.
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 [1]
 

 . This appeal only involves the termination of the father's parental rights.