RAMIREZ, J.
This is an appeal of termination of parental rights for failure to substantially comply with the required case plan. We reverse as to the Mother, B.A., and affirm as to the Father, D.M.
In November 2009, the Department of Children and Families filed a petition for dependency of A.M. (ten years old), S.M. (five years old), and M.M. (seven years old) due to exposure to domestic violence in the home, and alleged abuse and abandonment. B.A. was the victim of D.M.’s alleged violence. Initially, the children were left with B.A., and D.M. was ordered to stay away. The trial court then placed the children with a relative. M.M. subsequently was placed in a therapeutic home away from his siblings. Later, A.M. and S.M. also were placed in a foster home. Both parents agreed to the findings of dependency.
The parents were given a case plan that required them to complete evaluations and therapy, limited their interactions with the children, and required observation of the children by the Guardian Ad Litem (GAL) and various professionals. The case plan *138 required that D.M. attend anger management and therapy. The case plan also required B.A. to attend therapy, in order to understand and resist further domestic violence threats to protect herself and her children.
Both parents had difficulty completing the program. B.A. initially was sent to a program for domestic violence offenders, not victims. She then attended some sessions with the correct program, but later switched therapists and attended only a few sessions, which were ongoing at the time of the trial. D.M. completed the parenting class, the mental health assessment and psychological evaluation, and domestic violence classes. He did not complete his anger management and his individual therapy. His individual therapy required payment, and lack of resources from which to pay was D.M.’s alleged basis for not completing the therapy. After less than a year, the Department, unsatisfied with the parents’ efforts thus far to meet the case plan requirements, filed for termination of parental rights (TPR).
At the TPR hearing, the trial court heard testimony from the various professionals assigned to oversee the case plan. A case coordinator testified regarding her interviews of the children, as well as the results of testing and evaluation. A psychologist testified regarding his concerns because of D.M.’s manner of addressing the domestic violence incidents. A substance abuse counselor also testified regarding the D.M.’s failure to admit inflicting any abuse. A psychologist recommended more therapy for B.A. The case manager testified regarding visitations between the children and the parents. The Guardian ad Litem (GAL) testified that A.M. desired to return to B.A., and that he observed positive traits in the children’s personalities.
Under Florida law, parental rights may be terminated:
When a child has been adjudicated dependent, a case plan has been filed with the court, and:
1. The child continues to be abused, neglected, or abandoned by the parent or parents. The failure of the parent or parents to substantially comply with the case plan for a period of 9 months after an adjudication of the child as a dependent child or the child’s placement into shelter care, whichever occurs first, constitutes evidence of continuing abuse, neglect, or abandonment unless the failure to substantially comply with the case plan was due to the parent’s lack of financial resources or to the failure of the department to make reasonable efforts to reunify the parent and child....
2. The parent or parents have materially breached the case plan. Time is of the essence for permanency of children in the dependency system. In order to prove the parent or parents have materially breached the case plan, the court must find by clear and convincing evidence that the parent or parents are unlikely or unable to substantially comply with the case plan before time to comply with the case plan expires.
§ 39.806(2)(e), Fla. Stat. (2010).
On appeal, the standard of review for a TPR judgment is “whether the judgment is supported by substantial and competent evidence” that the statutory requirements were met. See T.V. v. Dep’t of Children & Family Servs., 905 So.2d 945, 946 (Fla. 3d DCA 2005). This standard is “highly deferential.” C.G. v. Dep’t of Children & Families, 67 So.3d 1141, 1143 (Fla. 3d DCA 2011).
Florida law requires that “before parental rights in a child can be permanently and involuntarily severed, the state *139 must show by clear and convincing evidence that reunification with the parent poses a substantial risk of significant harm to the child.” Padgett v. Dep’t of Health & Rehab. Servs., 577 So.2d 565, 571 (Fla.1991). Consequently, “DCF must proceed in a narrowly tailored manner and must prove that, in addition to the statutory requirements for termination of parental rights, termination is the least restrictive means of protecting the child from serious harm.” N.S & D.R. v. Dep’t of Children & Families, 36 So.3d 776, 778 (Fla. 3d DCA 2010). To meet this requirement, the evidence must show that the Department “made a good faith effort to rehabilitate the parent and unify the family through a case plan and related services.” C.G., 67 So.3d at 1143.
If the Department contends failure to comply with the case plan supports termination, it must show the failure to comply was attributable to the parent, not the Department, and that failure to participate endangered the child. Id. If the Department contends services would be futile, the evidence must clearly and convincingly show that danger to the child will continue regardless of the services. See, e.g., C.G., 67 So.3d at 1144-45; see also L.D. v. Dep’t of Children & Family Servs., 957 So.2d 1203 (Fla. 3d DCA 2007); M.E. v. Fla. Dep’t of Children & Families, 919 So.2d 637, 644 (Fla. 3d DCA 2006). In determining whether the evidence is sufficient to support termination, the appellate court must determine whether DCF “establish[ed] that there is no reasonable basis to believe the parent will improve” as a result of its good faith efforts to assist the parent. See E.R. v. Dep’t of Children & Family Servs., 937 So.2d 1196, 1198-99 (Fla. 3d DCA 2006); accord L.A.G. v. Dep’t of Children & Family Servs., 963 So.2d 725, 727 (Fla. 3d DCA 2007) (reversing a termination of parental rights where the record was “replete with” evidence of the mother’s efforts to comply with the case plan).
In this case, the trial court record included substantial competent evidence regarding termination of D.M.’s parental rights. Expert witness testimony established D.M.’s difficulty in accepting, and even denial of, his role in the children’s abuse. The trial court also heard testimony indicating D.M. denied and rationalized the domestic violence issues in this case, and there was little positive development during the program. One expert testified that such denial would risk additional harm because of a failure to confront the problem that led to the harm. Thus, we reject D.M.’s argument that his non compliance with the plan was the Department’s fault, or that he would have been able to improve with further compliance. The trial court correctly concluded that substantial harm to the children, re-exposure to the harms that led to the dependency, would result if his parental rights were not terminated.
In contrast, there was not clear and convincing proof that B.A.’s parental rights should be terminated. The testimony below demonstrated B.A.’s consistent efforts at improvement, and that B.A. was on track for additional progress. Professionals testified as to B.A.’s efforts to improve, including specific testimony regarding positive interactions with the children. For example, the therapist supervising the children’s visits with their mother testified that B.A. engaged the children in educational games, avoided negative conversations, and brought them food. The GAL also testified the interactions he observed between B.A. and her daughters were good. In addition, the trial court heard testimony from an expert who opined that the recommended programs work, and require “a year or so” to be fully effective. It is undisputed B.A.’s therapy had not *140 reached that- threshold at the time of trial, and there is no evidence B.A. willfully declined therapy. Thus, there is not substantial, competent evidence that B.A. failed materially to comply with the case plan, or that any non compliance with the case plan was due to B.A.
Lastly, we reject A.M.’s argument that the Guardian Ad Litem improperly participated in the proceedings on behalf of all three children. A.M. contends that the GAL’s recommendation regarding termination was contrary to A.M.’s express wishes. The statute does not make the child’s wishes the sole governing factor, and instead mandates consideration of “all relevant factors, including but not limited to” any express wishes of the child. See § 39.810, Fla. Stat. (2010). A.M. has not demonstrated that this mandate was not followed. Moreover, A.M. has not alleged any facts upon which we could conclude there was an actual conflict in representing the children, or that the trial court failed in its duty to examine at “each stage in the proceedings” whether a guardian should be appointed. See § 39.807(2)(b), Fla. Stat. (2010). Thus, on this record there is no reversible error resulting from the GAL’s performance of his duties in the trial court.
Affirmed in part; reversed in part.