VAN NORTWICK, J.
G.H., Sr., the natural father of P.G.H., challenges the termination of his parental rights over this child. We reverse because the Department failed to establish that termination was the least restrictive means of protecting the child.
The child P.G.H. was sexually abused by her older brother in 2011, and the brother, who was adjudicated delinquent, was removed from the family home. Appellant was not living in the family home at the time of the abuse. In March 2013, the brother was returned to the mother’s home by Families First Network, an agent of the Department. The child P.G.H. claimed that her brother again abused her after he climbed through her bedroom by use of a ladder; this abuse occurred approximately a week after the brother returned. He was again charged but was acquitted of the second charge. Upon notice of the second incident of abuse, the Department of Children and Families petitioned to terminate the parental rights of appellant and the natural mother, who is not a party to this appeal. As to the appellant, the Department sought termination on the ground that he had “engaged in conduct towards the child that demonstrates that the continuing involvement of the parents in the parent-child relationship threatens the life, safety, well being [sic] or physical, mental or emotional health of the child.... ” The statutory authority for this ground is section 39.806(l)(c), Florida Statutes (2013).
It is well-established that the Department has the burden to prove by clear and convincing evidence that termination of a parent’s rights is the least restrictive means of protecting the child from serious harm. See Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991). The “[l]east restrictive means” analysis embodies due-process concerns. *886 Before depriving someone of a fundamental right, such as the right to parent, the State must demonstrate a compelling interest and that this interest is furthered through the least intrusive and restrictive means. See N. Fla. Women’s Health & Counseling Servs., Inc. v. State, 866 So.2d 612, 625 n. 16 (Fla.2003); In re T.W., 551 So.2d 1186, 1193 (Fla.1989); A.W. v. Deft of Children & Families, 969 So.2d 496, 504 (Fla. 1st DCA 2007).
Below, the trial court found that “[t]his child clearly has a strong emotional bond with her parents. The Court has no doubt that it will be traumatic for her to be separated from her parents permanently.” The trial court concluded, though, that the harm suffered by the separation would be less than what would occur if the child was returned to them. This conclusion is without support in the record. The child’s therapist testified that it was not in the child’s best interests to have no future exposure to her parents. It was the agent of the Department which placed the brother back in the family home; it was not explained why removal of the brother from the family home will not protect the child victim.
Further, the current guardian of P.G.H., an aunt, indicated a preference for a permanent guardianship rather than adoption. The trial court noted this preference in the final order. While ordering termination of parental rights and the cessation of parental visitation, except for “a visit to enable the parents and child to say goodbye to each other,” the trial court also stated, incongruously, that “it is not necessarily true that [P.G.H.] needs to be completely estranged from her parents in order for it to be in the manifest best interest to have parental rights terminated” so that under “appropriate supervision, the parents may not be harmful to [P.G.H.] simply by maintaining a relationship.” Given such a finding, there is nothing in the record indicating that a guardianship as suggested by the aunt would not protect the child, as it has since her removal from the family home.
The termination of parental rights involves a fundamental liberty interest, protected by the federal and state constitutions. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); Padgett v. Deft of Health & Rehabilitative Servs. Given this fundamental liberty interest, the Department is obliged to “proceed in a narrowly tailored manner.” N.S. & D.R. v. Dep't of Children & Families, 36 So.3d 776, 778 (Fla. 3d DCA 2010); D.M. v. Dep't of Children & Families, 79 So.3d 136, 139 (Fla. 3d DCA 2012). Terminating appellant’s parental rights under the facts presented below was not a narrowly tailored remedy and was not the least restrictive means of protecting the child.
Accordingly, the order terminating the parental rights of the appellant is REVERSED and REMANDED for further proceedings as authorized by section 39.811, Florida Statutes.
PADOVANO and MARSTILLER, JJ., concur.