IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF CHILDREN
AND FAMILIES AND
GUARDIAN AD LITEM
PROGRAM,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4207

      Appellants,

v.

T. S., THE FATHER AND A. B.,
THE MOTHER,

      Appellees.

_____/

Opinion filed January 16, 2015.

An appeal from the Circuit Court for Duval County.
David M. Gooding, Judge.

Ward L. Metzger, Jacksonville, and Kelley Schaeffer, Sanford, for Appellants.

Crystal McBee Frusciante, Jupiter, for Appellees.


PER CURIAM.

      The trial court found that the Department of Children and Families established the statutory factors for termination of parental rights and that termination was in the manifest best interests of the child. These findings are not disputed on appeal, and would ordinarily support a termination order. The trial

court, however, concluded that termination was not the least restrictive means to protect the child from harm, a ruling the Department now appeals. We agree with the Department that the trial court improperly relied on "the availability of a nonadoptive placement with a relative" when assessing the least restrictive means, which is expressly prohibited by section 39.810(1), Florida Statutes. See also In re Z.C., 88 So. 3d 977, 989 (Fla. 2d DCA 2012) (en banc) ("[t]he court misapplied the manifest best interests and least restrictive means tests by basing its decision not to terminate solely on the availability of the alternative placement."). We conclude that remand is necessary to determine whether termination is appropriate under the correct legal factors.

We note that the trial court relied on A.H. v. Dep't of Children & Families, 144 So. 3d 662 (Fla. 1st DCA 2014), and G.H. v. Dep't of Children & Families, 145 So. 3d 884 (Fla. 1st DCA 2014). In both cases, this Court held that measures short of termination were available and that termination was not the least restrictive means to protect the child from harm. Neither case requires the outcome reached below.

In A.H., the Department conceded on appeal that the least restrictive means test was not met. 144 So. 3d at 664. There was a pre-existing permanent guardianship with an unrelated foster mother, and the Department wanted to terminate the natural parents' rights so the foster mother could adopt. Id. But the

2

child's interactions with the birth mother were positive, even though they were irregular—an expert testified that they "did not see any reason why the child could not form a bond with her." And the permanent guardian testified that, although she wanted to adopt the child, there was "no indication" the birth mother was a danger to the child, and that she believed "the child would like to maintain a relationship with the mother and his siblings." Id. The Department conceded, and this Court held, that maintaining the permanent guardianship and allowing the birth mother to pursue a relationship was a less restrictive alternative to termination. Id. at 666.

But here, no pre-existing guardianship existed, and thereby no concession from the Department that a permanency plan could continue with positive interactions between mother and child. Indeed, the trial court's findings were that it would be unsafe for the child to be with his mother, and that the mother displayed serious misconduct on some of her supervised visits. Further, the permanency plan here was for the aunt to adopt the child after termination. No party even asked the trial court for a permanent guardianship with the aunt. Instead, the trial court decided it was possible for the aunt to become a permanent guardian and found that this possibility meant there was a measure short of termination available.

Simply because a permanent guardianship and irregular visitation existed in A.H. does not mean that a trial judge must create an unsolicited permanent guardianship for the sole purpose of avoiding a least restrictive means outcome.

3

Moreover, <u>A.H.</u> did not create an exception to section 39.810(1)—trial courts still cannot consider "the availability of a nonadoptive placement with a relative," which the trial court did when it relied on a future permanent guardianship with the child's aunt.

<u>G.H.</u>—which did not alter the least restrictive means analysis—is also distinguishable. The child at issue was sexually abused by her older brother, but had a "strong emotional bond with her parents." 145 So. 3d at 885-86. And there was evidence that termination would harm the child. But the trial court terminated parental rights because it concluded "the harm suffered by the separation would be less than what would occur if the child was returned to them." <u>Id.</u> at 886. This Court reversed because removing the brother was a less restrictive alternative than terminating the parents' rights. No such alternative is available in this case.

On remand, the trial court should reevaluate the availability of least restrictive means without considering the nonadoptive placement with a relative.

REVERSED and REMANDED.

WOLF, MAKAR, and OSTERHAUS, JJ. CONCUR.