# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1283
Lower Tribunal No. 18-15287
_____

**F.C., the father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Albert W. Guffanti, P.A., and Albert W. Guffanti, for appellant.

Karla Perkins, for appellee Department of Children and Families; Thomasina F. Moore (Tallahassee); Moffa, Sutton, & Donnini, P.A., and Jonathan W. Taylor (Ft. Lauderdale), for appellee Guardian ad Litem Program.

Before EMAS, C.J., and LINDSEY, and GORDO, JJ.

PER CURIAM.

F.C., the father, appeals a final judgment terminating his parental rights entered after a bench trial. The trial court found, as statutory grounds for terminating the father's parental rights, that the father failed to substantially comply with his case plan for 12 months after the child was adjudicated dependent, in violation of section 39.806(1)(e)(1), Florida Statutes (2020), and failed to substantially comply with his case plan for any 12 of the 22 months the child has been in care, in violation of section 39.806(1)(e)(3), Florida Statutes (2020). The court further found the father's failure to comply with his case plan was not due to a lack of financial resources.

It is within the trial court's province to weigh the evidence and make credibility determinations. I.D. v. Dep't of Child. & Fams., 13 So. 3d 1117, 1120 (Fla. 3d DCA 2009) (citing M.R. v. Dep't of Child. & Fam. Servs., 783 So. 2d 277, 278 (Fla. 3d DCA 2001)). Once the trial court determines the Department met its burden, the court's order is clothed with a "presumption of correctness." See C.G. v. Dep't of Child. & Fams., 67 So. 3d 1141, 1143 (Fla. 3d DCA 2011). Thus, this Court's review is "highly deferential." Id. On challenges to the sufficiency of the evidence, this Court should affirm if the trial court's order is supported by competent substantial evidence. T.P. v. Dep't of Child. & Fam. Servs., 935 So. 2d 621, 624 (Fla. 3d DCA 2006). However, on pure issues of law, this Court's review is de novo. Fla. Dep't of Child & Fams. v. M.N., 199 So. 3d 452, 454 (Fla. 3d DCA 2016).

Here, we find no legal error and that the trial court's order is supported by competent substantial evidence. See C.B. v. Dep't of Child. & Fams., 257 So. 3d 1078, 1081 (Fla. 4th DCA 2018) (explaining that mere completion of case plan tasks does not equate to "substantial compliance" with a case plan); In re D.R., 812 So. 2d 447, 447 (Fla. 2d DCA 2002) (affirming an order terminating parental rights when the father failed to substantially comply with his case plan by committing new legal violations, violating probation, and failing to remedy a drug problem); D.G. v. Dep't of Child. & Fams., 77 So.3d 201, 207 (Fla. 4th DCA 2011) ("Where the trial court's finding that there is clear and convincing evidence to terminate parental rights is supported by competent, substantial evidence, the appellate court has no choice but to affirm.").

Affirmed.