# Third District Court of Appeal

## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1940
Lower Tribunal No. D22-15018 TP

_____

**T.R., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Thomas Butler, P.A. and Thomas J. Butler, for appellant.

Karla Perkins, for appellee Department of Children and Families; Sara Elizabeth Goldfarb and Laura J. Lee (Tallahassee), for appellee Guardian ad Litem.

Before FERNANDEZ, LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed. See Walker v. Harley-Anderson, 301 So. 3d 299, 301 (Fla. 4th DCA 2020) ("Review of a trial court's determination regarding the authentication of evidence is for an abuse of discretion."); T.V. v. Dep't of Children & Family Servs., 905 So. 2d 945, 946 (Fla. 3d DCA 2005) ("The standard of review in a case where the trial court terminates parental rights is whether the judgment is supported by substantial and competent evidence."); Fla. Dep't of Children & Families v. A.R., 253 So. 3d 1158, 1164 (Fla. 3d DCA 2018) ("Appellate review of a termination of parental rights case is 'highly deferential.' That is, a 'finding that evidence is clear and convincing enjoys a presumption of correctness and will not be overturned on appeal unless clearly erroneous or lacking in evidentiary support.'" (citation omitted)); J.S. v. Fla. Dep't of Children & Families, 18 So. 3d 1170, 1177 (Fla. 1st DCA 2009) ("[E]ven if a parent has technically complied with the tasks required by the case plan, he or she will still not be in substantial compliance if the circumstances that caused the creation of the case plan have not been sufficiently remedied."); Q.L. v. Dep't of Children & Families, 280 So. 3d 107, 115 (Fla. 4th DCA 2019) ("Where there is no expert testimony on this issue, or where the expert testimony is based on observations, interviews, or reports that are obsolete, reversal may be appropriate because the trial court's findings would be speculative."); A.P. v.

<u>Dep't of Children & Families</u>, 390 So. 3d 727, 730 (Fla. 3d DCA 2024) ("[N]either the statute nor <u>Q.L.</u> imposes an evidentiary requirement under this subsection that can be met only by expert testimony. . . . [E]xpert testimony is not a sine qua non of termination of parental rights under this section. Indeed, our review of the record in the instant case reveals the Department introduced competent, substantial evidence . . . to meet its burden in this case[.]").