ALTENBERND, Chief Judge.
In this case, an order terminating parental rights was entered based upon a “default.” The father was three minutes late for the initial advisory hearing. He waited outside the courtroom in the waiting area for forty-five minutes until given 'informa *406 tion as to the proper courtroom. He was “defaulted.” Although an attorney had been appointed to represent the father in an earlier shelter hearing[1] and in the dependency proceeding,[2] the father was unrepresented in the termination proceeding.[3] Within ten days from the entry of the default, the father mailed a letter to the trial court explaining the circumstances that caused him to be late. The trial court should have treated this letter as a motion for rehearing. See Fla. R. Juv. P. 8.265. Instead, the trial court made no ruling on the letter and entered final judgment terminating the father’s parental rights on March 20, 2003. Counsel was not appointed to represent the father until April 16, 2003.
Although this case involves a termination proceeding and not a dependency proceeding, it is comparable to G.A. v. Department of Children & Family Services, 857 So.2d 310 (Fla. 2d DCA 2003), and S.B. v. Department of Children & Family Services, 858 So.2d 1184 (Fla. 2d DCA 2003). See generally § 39.801(3)(d), Fla. Stat. (2002) (explaining procedure for involuntary consent in termination of parental rights cases). Accordingly, we reverse the order terminating the father’s parental rights and remand for further proceedings. This opinion does not require the trial court to alter custody or current visitation rights, but the trial court must review these issues and make a lawful decision as soon as possible following issuance of our mandate.
Reversed and remanded.
WHATLEY and CANADY, JJ., Concur.

. See Fla. R. Juv. P. 8.305(b)(6).

. See Fla. R. Juv. P. 8.320.

.See Fla. R. Juv. P. 8.510(2).