894 So.2d 1049 (2005)
E.A., Father of B.S. and B.S., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D04-1904.
District Court of Appeal of Florida, Fifth District.
January 28, 2005.
Rehearing Denied March 2, 2005.
*1050 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters, Orlando, for Appellee.
MONACO, J.
The appellant, E.A., seeks review of a judgment terminating his parental rights to his children, B.S. and B.S. The judgment was based upon E.A.'s implied consent to the termination, resulting from his late arrival at an adjudicatory hearing. See § 39.801(3)(d), Fla. Stat. (2004). Because we conclude that under the circumstances the trial judge abused his discretion in not setting aside his finding of implied consent, we reverse.
The minors, whose natural mother is deceased, were determined to be dependent with respect to E.A., and placed temporarily with their maternal grandparents. After the Department of Children and Family Services filed a petition to terminate his parental rights, E.A. appeared, as required, at an advisory hearing scheduled by the trial court, at which time he was ordered to appear at the scheduled adjudicatory hearing. E.A. was advised by the court of the date, time and location that the adjudicatory hearing would be held. When the adjudicatory hearing began, E.A. was not present. At the request of the Department, the trial court entered a "default" against E.A. More precisely, the trial court considered E.A.'s failure to be present as an implied or constructive consent to the termination of parental rights, pursuant to section 39.801(3)(d), Florida Statutes (2004), which reads:
(d) if the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental *1051 rights by the person given notice. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
See also Fla. R. Juv. P. 8.525(d).
About 22 minutes after the testimony began, E.A. entered the courtroom, and explained that while traveling along Interstate 4 from Polk County to Osceola County, the location of the hearing, he became ensnarled in a traffic jam resulting from an automobile accident. He said, in addition, that he had called the court, but as no one answered, he left a message explaining his predicament on the court answering machine. The trial court advised E.A. that because he was not present when the hearing started, he had been defaulted, and would not be allowed to participate.
The Department called the remainder of its witnesses, and while E.A., through his counsel, was allowed to cross-examine those witnesses, he was not permitted to testify or to call witnesses on his own behalf. At the conclusion of the testimony E.A.'s attorney moved to set aside the "default," and requested an opportunity for E.A. to testify. The trial court denied the motions based on E.A.'s absence at the commencement of the hearing, and then found by clear and convincing evidence that E.A.'s parental rights should be terminated.
E.A. next filed objections to the Department's proposed termination order, and a hearing was held to consider them. A debate ensued regarding how late E.A. was for the adjudicatory hearing. E.A. suggested he was actually only ten minutes late, but as the courtroom doors were locked because of the nature of the proceeding, he was unable to enter for another ten or twelve minutes. The trial court took judicial notice that Interstate 4 backs up between Polk County and the City of Kissimmee, but suggested that E.A. should have been aware of the regular congestion, and should have scheduled sufficient time to be present at the commencement of the hearing.[1] The trial court then overruled the objections, and entered the termination order. E.A. timely appealed.
Unquestionably, under section 39.801(3)(d), Florida Statutes (2004), and Rule 8.525(d), Florida Rules of Juvenile Procedure, a court may order a parent appearing at an advisory hearing to appear personally at the adjudicatory hearing at a specified date, time, and location. Should the parent fail to appear at the appointed time and place, the statute and the rule give the court the authority to consider the absence of the parent to be a consent for termination of parental rights. See B.H. v. Dep't of Children & Families, 882 So.2d 1099, 1100 (Fla. 4th DCA 2004). The purpose of this rule, however, is not to terminate parental rights on a "gotcha" basis. See id. The relationship between parents and their children is far too precious to be severed simply because of tardiness in attending a hearing. Rather, the statute and rule are intended to ensure that the object of the termination petition is not defeated by the neglect of the proceeding by the parent. See J.B. v. Fla. Dep't of Children & Family Servs., 768 So.2d 1060, 1067 (Fla.2000); In re A.N.D., 883 So.2d 910, 913 (Fla. 2d DCA 2004). Accordingly, constructive or implied consent based on late arrival to a hearing in termination of parental rights cases is a disfavored result. *1052 See S.C. v. Dep't of Children & Families, 877 So.2d 831, 833 (Fla. 4th DCA 2004); R.P. v. Dep't of Children & Families, 835 So.2d 1212, 1214 (Fla. 4th DCA 2003).
The reason is obvious. A natural parent has a "fundamental liberty interest" in his or her offspring that is protected under the due process umbrella. See Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); In the Interest of R.W., 495 So.2d 133, 134 (Fla.1986); Lewis v. Dep't of Health & Rehabilitative Servs., 670 So.2d 1191 (Fla. 5th DCA 1996). As a result, "Florida has established a strong public policy in favor of protecting the relationship between natural parents and their children." See In the Interest of E.H., 609 So.2d 1289, 1290 (Fla.1992) (citing Burk v. Dep't of Health & Rehabilitative Servs., 476 So.2d 1275 (Fla.1985)). "So important is the parent-child relationship that the termination of it may be accomplished by the state only with a punctilious regard for the due process rights of the parent." R.P., 835 So.2d at 1213.
In the present case it is clear that E.A. was ordered to appear at the adjudicatory hearing, and that he, indeed, appeared a few minutes late. Yet, this is not a situation in which the parent failed to appear, or in which the parent attempted to scuttle or delay the termination process by passive aggression. E.A. had been present at the advisory hearing, had a reasonable explanation for his late arrival, and appeared to have every intention of participating in the adjudicatory hearing. The Department had just begun presenting its case, and there is absolutely no evidence that allowing E.A. to participate in the remainder of the hearing, to testify on his own behalf, and to present such evidence as was available to him would have caused harm to anyone, including the children that were the subject of the hearing. Under these circumstances, and in view of the public policy that frowns on termination of parental rights on a default basis, we conclude that the trial judge abused his discretion in not setting aside or vacating the implied consent of E.A. to the termination. See B.H.; In Re C.D., 867 So.2d 405 (Fla. 2d DCA 2003); A.M. v. Dep't of Children & Families, 853 So.2d 1084 (Fla. 4th DCA 2003); A.J. v. Dep't of Children & Families, 845 So.2d 973 (Fla. 4th DCA 2003).
Accordingly, we reverse the order terminating E.A.'s parental rights and remand for further proceedings, to include a new adjudicatory hearing. This opinion does not require the trial court to alter custody or current visitation rights, but the trial court must review these issues and make a lawful decision as soon as possible following issuance of our mandate.
REVERSED and REMANDED.
PETERSON, J., concurring specially with opinion.
GRIFFIN, J., concurring specially with opinion.
PETERSON, J., concurring specially.
Discussion is currently taking place among legal scholars as to the definition of "gross abuse of judicial discretion." Although difficult to define, a trial court's refusal to allow a parent to participate fully in the proceedings that would terminate his or her parental rights may be an example of gross abuse. In the instant case, the trial court apparently allowed time to debate whether there was actually an accident on Interstate 4 that caused congestion resulting in E.A.'s tardiness, but allowed no time for presentation of substantive issues. This certainly constitutes gross abuse of judicial discretion.
Keeping a tight court schedule is important in order to afford access to the courts for all who seek justice in the system, but some recognition must be given to the realities of life, including unexpected delays *1053 in arriving for appointments by lawyers and litigants. In the instant case, no harm or delay would have resulted from allowing E.A. to fully participate in the hearing. Indeed, denial of participation resulted in the needless expenditure of judicial resources in this appeal process and the need to hold another hearing on remand.
I agree that this matter should be remanded for rehearing, but would also require the reassignment of the case to another judge.
GRIFFIN, J., concurring specially.
E.A. arrived tardily in court during the presentation of DCF's case-in-chief. E.A. did not "fail to personally appear" at the hearing, and section 39.801(3)(d), Florida Statutes, should not have been applied. Moreover, I agree that it was error not to allow E.A. to participate in the termination of parental rights proceedings because he arrived after the hearing began.
NOTES
[1] There was some debate based on hearsay information concerning whether there was actually an accident on Interstate 4 that caused the congestion.