921 So.2d 737 (2006)
D.M., Mother of C.L. and C.L., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D05-2885.
District Court of Appeal of Florida, Fifth District.
February 17, 2006.
*738 Eddie J. Bell, Daytona Beach, for Appellant.
Jodi Abramowitz, of Department of Children & Family Services, Daytona Beach, for Appellee.
MONACO, J.
We are once again presented with a troubling "consent default" growing out of a proceeding to terminate parental rights. We conclude under the circumstances that the parent should not have been defaulted for failing to attend the termination hearing, and accordingly reverse.
Briefly, D.M., the mother of two children, C.L. and C.L., is legally blind and has a number of other physical disabilities. Her two children were determined to be dependent and placed in foster care. D.M. set about in earnest to regain custody of her children. Her "maintained and strengthened case plan" noted that she was persistent in following through on the tasks set out in her case plan, and that she was determined to have her family returned to her permanently. Although she regained temporary custody of her children, and moved to Tallahassee, the children were once again removed from her because of violations of the case plan.
Eventually the Department of Children and Families filed a petition for involuntary termination of parental rights. By this time D.M. was now living in Arkansas. When the adjudicatory hearing was set, D.M. appeared and was prepared to participate. Unfortunately, the hearing was continued at the request of DCF, and rescheduled to a later date.
On April 12, 2005, D.M. filed a motion requesting authorization to testify telephonically at the rescheduled hearing. Her motion reflected that she could not be present because she lived in Arkansas, had exhausted her savings in traveling to Florida to attend the originally scheduled adjudicatory hearing, and was having serious health problems that prohibited her from traveling. On April 19th the trial court conducted a telephonic hearing to consider her motion, and denied it. On that same date the trial court entered an order of consent to termination, finding that D.M. had consented to the termination of her parental rights by default, as she failed to appear at the adjudicatory hearing. Thus, the court allowed D.M. to appear by telephone at the evidentiary hearing on her motion, but would not let her attend by telephone the adjudicatory hearing that immediately followed it.
On April 29th D.M.'s counsel filed a motion for reconsideration, this time attaching a statement from D.M.'s physician indicating that D.M. was suffering from chronic lymphedema and cellulitis, and that she was unable to travel. In addition, the motion had attached a report dated April 22nd from a hospital emergency room in Arkansas confirming that D.M. was suffering from lymphedema and cellulitis, and confirming, as well, her admission to the hospital. The trial court denied the motion for reconsideration and rendered a disposition order in which it found:
The natural mother of the children is [D.M.], who defaulted as to the TPR petition on April 19, 2005, the day of her adjudicatory hearing, after a full evidentiary hearing conducted telephonically on the same day, in which this honorable court found that she had received proper notice and had failed to show good cause why she should be allowed to appear by *739 audio device for the TPR trial rather than in person.
This appeal ensued.
Section 39.801(3)(d), Florida Statutes (2005), provides that if a person served with notice fails to personally appear at an advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice. Thus, if a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing concerning the petition for termination of parental rights, stating the date, time and location of said hearing, then failure of that parent to appear personally at the adjudicatory hearing also constitutes consent for termination of parental rights. There is no question, therefore, that if a parent fails to appear at an appointed time and place for a termination proceeding, sections 39.801(3)(d), Florida Statutes, and rule 8.525(d), Florida Rules of Juvenile Procedure, give the court the authority to consider the absence of the parent to be a consent to the termination of parental rights. See E.A. v. Dep't of Children & Families, 894 So.2d 1049, 1050 (Fla. 5th DCA 2005); B.H., Sr. v. Dep't of Children & Families, 882 So.2d 1099, 1100 (Fla. 4th DCA 2004).
Rule 2.071(b), Florida Rules of Judicial Administration indicates that a trial judge may, upon the court's own motion or upon a written request of a party, direct that communication equipment be used for a motion hearing, pretrial conference or a status conference. The judge must give notice to the parties and consider any objections that they may have to the use of communication equipment before directing that it be used. The decision to use communication equipment over the objection of parties is within the sound discretion of the trial court with certain exceptions. Telephonic testimony is covered in subsection (d) of the rule. Generally, a trial judge may, if all the parties consent, allow testimony to be taken through the use of communication equipment. The subsection then details the procedure to be followed in utilizing a telephone for testimony.
The default provisions contained in section 39.801(3)(d) concern the requirement of a parent to "appear" at an advisory hearing. The statute does not address or require "testimony" by the parent in order to avoid a default consent. It seems to us that if it was proper for D.M. to appear at the evidentiary hearing by telephone, then she should have been afforded the opportunity to appear at the adjudicatory hearing by using the same communication device, as well. Whether she could have testified by telephone is not in issue, and might well have been prohibited under the rule without the consent of DCF and the court. It is not in issue because there was no adjudicatory hearing held at which she could possibly testify. Indeed, D.M. might have prevailed at the hearing even without testifying in view of the fact that it is the burden of DCF to prove in a termination of parental rights case by clear and convincing evidence that a parent has abused, neglected or abandoned a child, or that the child is at substantial risk of future abuse. See T.V. v. Dep't of Children & Family Servs., 905 So.2d 945 (Fla. 3d DCA 2005).
The only question before us, therefore, is whether a default consent termination should have resulted for failure to appear under these particular facts. We conclude that the entry of the default consent was an abuse of discretion. Courts of this state have frequently commented that while constructive consent to termination is statutorily and procedurally authorized, courts should ordinarily refrain from terminating parental rights on this basis *740 where an absent parent is making reasonable efforts to attend scheduled hearings. See, e.g., B.H., Sr.; R.P. v. Dep't of Children & Families, 835 So.2d 1212 (Fla. 4th DCA 2003). We have noted previously that:
The purpose of this rule, however, is not to terminate parental rights on a "gotcha" basis. The relationship between parents and their children is far too precious to be severed simply because of tardiness in attending a hearing. Rather, the statute and rule are intended to ensure that the object of the termination petition is not defeated by the neglect of the proceeding by the parent. [Citations omitted].
E.A., 894 So.2d at 1050.
We do not mean to suggest that in every instance a parent may attend hearings concerning the termination of their parental rights by telephone. Such a determination is by its very nature fact-dependent. Here, however, the efforts of D.M. were reasonable and she should have been allowed to attend by telephone. To deny her that opportunity was erroneous.
REVERSED and REMANDED.
GRIFFIN and THOMPSON, JJ., concur.