TORPY, J.
 

 Appellant challenges the order terminating his parental rights to his children, A.G.
 
 *802
 
 and J.G., based on his purported default for failure to attend the final hearing. Because the trial judge excused Appellant from attending the hearing and suggested that his attorney could appear in his stead, we reverse the order and remand this cause for an adjudicatory hearing on the merits.
 

 The Florida Department of Children and Families sought to terminate Appellant’s parental rights to A.G. and J.G., alleging that he had abandoned them. Appellant appeared at an advisory hearing on April 9, 2008, where the court appointed attorney Randolph Kramer to represent him in the proceeding and set the case for trial in May 2008. The court advised Appellant that if he did not appear for trial, his rights could be terminated, stating:
 

 Sir, listen to me very carefully. If you fail to appear for trial, it is the same as surrendering your parental rights. Upon a showing of manifest best interest, your parental rights to these two children will be surrendered. So you need to stay in contact with your attorney.
 

 The trial was later continued until January 8, 2009.
 

 One month before trial, Appellant emailed his attorney explaining that he would be unable to attend the trial because he was not “financially equipped to be flying to and fro, or physically fit to travel such distances.” He indicated that he received epidural injections in his back every three weeks and due to the continuances, he had to change his travel reservations many times, which had become very expensive. Mr. Kramer filed the email with the court.
 

 Appellant appeared telephonically at a status hearing on January 5, 2009, during which Appellant informed the court that he could not attend the trial. The court responded: “Okay. Well, your attorney will be here,” to which Appellant replied, “Okay.” The court did not remind Appellant that failure to appear in person may constitute consent to termination of his parental rights.
 

 When Appellant failed to appear three days later for the termination trial, the Department asked the court to enter a consent to termination based on Appellant’s failure to appear. Mr. Kramer objected “for the record,” without further elaboration, and reminded the court of Appellant’s statements at the status hearing that he lived in New York and would not be there for trial. The court, nevertheless, granted the default. Immediately thereafter, Mr. Kramer requested that he be “discharged from any further responsibility in this matter.” The court granted his request, and the hearing proceeded without the presence of Appellant or his attorney. The court entered a consent to termination on behalf of Appellant, found that he had abandoned his children and terminated his parental rights.
 

 Section 39.801(3)(d), Florida Statutes (2008), addresses requirements that must be met before a court may terminate parental rights for a parent’s failure to appear at an adjudicatory hearing, and provides:
 

 (d) If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given such notice. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory
 
 *803
 
 hearing shall constitute consent for termination of parental rights.
 

 (Emphasis supplied).
 

 We conclude that the court failed to comply with this statute. Although the court advised Appellant at the initial advisory hearing in April 2008 that his failure to appear for trial could result in termination of his rights, at the status hearing almost nine months later, the court failed to give this instruction to Appellant, even when Appellant informed the court that he would not be present. Indeed, the court intimated that Appellant’s attorney could appear for him.
 

 Moreover, even if the trial court had complied with section 39.801, it was still error to enter a consent by default on the facts presented here. Constructive consent should be the disfavored result in termination of parental rights cases.
 
 B.H. v. Dep’t of Children & Families,
 
 882 So.2d 1099, 1100 (Fla. 4th DCA 2004). While the statute authorizes a default for failure to appear, the “courts should ordinarily refrain from determining a termination of parental rights by default where an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent’s control.”
 
 R.P. v. Dep’t of Children & Families,
 
 835 So.2d 1212, 1214 (Fla. 4th DCA 2003). Courts should never determine termination of parental rights cases on a “default basis or by ‘gotcha’ practices when a parent makes a reasonable effort to be present at a hearing and is delayed by circumstances beyond his control.”
 
 B.H.,
 
 882 So.2d at 1100.
 

 Here, it is clear from the record that the court was aware that Appellant was not going to appear at the adjudicatory hearing. Appellant’s counsel filed an email with the court stating the reasons for this absence. The court was aware that Appellant was in New York, and at the status hearing, the court acknowledged that Appellant would not be at the adjudicatory hearing three days later. The court’s response to Appellant’s confirmation that he would not be at the hearing reasonably could have led Appellant to believe that his presence was not required and that his attorney could and would represent his interests in his absence. Instead, Appellant’s attorney failed to request a continuance, made a half-hearted objection to the request for a default and sought to be discharged at the first available opportunity. Under these unique facts we are constrained to conclude that the trial court abused its discretion when it entered the default.
 

 REVERSED AND REMANDED.
 

 EVANDER and COHEN, JJ„ concur.