PER CURIAM.
The trial court terminated W.T.’s parental rights and granted Appellees’ petition for stepparent adoption after a hearing. W.T. appeals the order terminating his parental rights because he is indigent and incarcerated and was unrepresented below. We agree that reversal is appropriate.
*1217 Despite receiving notice of the hearing and arranging to appear telephonically, the Department of Corrections inadvertently caused Appellant to miss the hearing, which proceeded in his absence. Florida Rule of Juvenile Procedure 8.525(d) provides that “all parties have the right to be present at all termination hearings.” In a similar context, this court has held that a default consent termination should not be entered when the parent’s failure to appear is due to forces beyond his control. See A.H. v. Dep’t. of Children and Families, 22 So.3d 801 (Fla. 5th DCA 2009). We believe the same result should apply in this case.
Further, there is neither a transcript, nor an adequate substitute, memorializing the proceedings before the trial court as required by Florida Rule of Juvenile Procedure 8.255(g). See J.D.L. v. W.J.J., Jr., 54 So.3d 603 (Fla. 5th DCA 2011). Accordingly, we reverse the final judgment and remand to the trial court to conduct a new hearing with the Appellant present, if he elects to exercise that right. See Fla. R.App. P. 9.315(b).[1]
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORPY, LAWSON and COHEN, JJ., concur.

. Counsel for Appellant further maintains that Appellant was indigent and had a right to appointed counsel at his termination hearing pursuant to Florida Rule of Juvenile Procedure 8.525(d). If the trial court determines Appellant to be indigent and entitled to counsel on remand, appointment of counsel should be ordered pursuant to the rule.