PALMER, J.
R.A. (father) appeals the trial court’s order terminating his parental rights to his five children. He argues that the court erred in finding the grounds of consent (based on his failure to appear) and abandonment. We agree and, therefore, reverse.
The Department of Children and Families (DCF) filed a petition for termination of parental rights (TPR) against the father on the ground of abandonment. The trial court conducted an advisory hearing at which the father appeared by telephone and entered a denial to the petition. The court appointed counsel for the father and scheduled an adjudicatory hearing, authorizing the father to appear by phone. At the adjudicatory hearing, the father appeared by phone; however, the court continued the hearing and scheduled a second advisory (not adjudicatory) hearing. The father did not appear at the second advisory hearing, but the court found that he had not received proper notice. The court then scheduled a third advisory hearing. When the father failed to appear at the third hearing, the court entered a default against him. The court then conducted an adjudicatory hearing limited to the manifest best interests element of the TPR proceeding. See §§ 39.802(4)(a), (c), 39.810, Fla. Stat. (2010). Following that hearing, the court entered an order terminating the father’s parental rights on the grounds of his failure to appear (consent-by-default) and abandonment.
The father argues that the trial court erred in finding consent-by-default because the court lacked the authority to conduct more than one advisory hearing and then to default him for failing to appear at the third advisory hearing. Although the father did not raise this argument below, he contends the error was fundamental. We agree.
When a parent fails to appear at a TPR advisory or adjudicatory hearing, the trial court can deem the default a consent to the termination. See § 39.801(3)(d); Fla. R. Juv. P. 8.510(a)(3), 8.525(d); D.M. v. Dep’t of Children & Families, 921 So.2d 737, 739 (Fla. 5th DCA 2006). However, the only two types of TPR proceedings during which a parent can be defaulted are advisory hearings and adjudicatory hearings. V.D.C. v. Dep’t of Children & Family Servs., 899 So.2d 1193, 1194 (Fla. 1st DCA 2005); see In re C.R., 806 So.2d 646 (Fla. 2d DCA 2002) (holding trial court erred in defaulting parent for failing to appear at scheduling conference); C.R.K. v. Dep’t of Children & Families, 826 So.2d 1053 (Fla. 4th DCA 2002) (holding same regarding calendar call). Thus, the initial question here is whether, after conducting an advisory hearing, a trial court can label a subsequent court event an “advisory hearing” and then enter a default against a parent who fails to appear at it. We agree with the father that a trial court cannot do so.
Florida’s TPR statutory and rule scheme contemplates only one advisory hearing. The scheme consistently refers to an advisory “hearing” in the singular rather than the plural. See §§ 39.801(3)(a), (d), 39.808(l)-(3); Fla. R. Juv. P. 8.510(a)(1), (3), 8.525(b), (d). Further, our rules contemplate that, after the initial advisory hearing, the next signifi *844 cant hearing will be an adjudicatory hearing, not another advisory hearing. See Fla. R. Juv. P. 8.510(a)(5), 8.520(b).
In addition, only one advisory hearing is necessary because the “purpose of an advisory hearing is to advise the parents of their right to counsel, appoint counsel if necessary, determine whether the parents will consent to the termination, appoint a guardian ad litem for the children, and set a date for the adjudicatory hearing.” In re E.L., 732 So.2d 37, 39 (Fla. 2d DCA 1999). See § 39.808(2), Fla. Stat.; Fla. R. Juv. P. 8.510(a)(2).
Further, the purpose of allowing a trial court to enter a consent-by-default is to “ensure that the object of the termination petition is not defeated by the neglect of the proceeding by the parent.” D.M., 921 So.2d at 740; E.A. v. Dep’t of Children & Families, 894 So.2d 1049, 1051 (Fla. 5th DCA 2005). This purpose is not furthered by requiring a parent to appear at multiple advisory hearings. Once a parent appears at an advisory hearing and the due process purposes of the hearing are accomplished, the parent’s absence from any subsequent non-adjudicatory hearing cannot defeat the progress of the case.
Accordingly, the trial court erred by entering a consent-by-default against the father when he failed to appear at the third advisory hearing.
The next question becomes whether this error was fundamental, since the father raises it for the first time on appeal. We conclude that it was. Cf. A.H. v. Dep’t of Children & Families, 22 So.3d 801 (Fla. 5th DCA 2009) (reversing where trial court violated due process in finding consent-by-default, despite apparent lack of sufficient objection below).
Last, regarding the ground of abandonment, the father argues that the evidence submitted during the adjudicatory hearing was insufficient to support the finding that he abandoned his children. We agree. However, we recognize that because the trial court entered a default against the father and then proceeded to an adjudicatory hearing limited to the manifest best interests element, DCF was not on notice of the need to present evidence of abandonment. Thus, our reversal is without prejudice to DCF’s right to present evidence of abandonment at a new adjudicatory hearing.
We reverse the trial court’s termination order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
LAWSON and EVANDER, JJ., concur.