IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

January 22, 2016

In the Interest of S.M. and M.M., children. )
                                            )
                                            )
R.W.M.,                                     )
                                            )        Case Nos. 2D14-5630
                Appellant,                  )                  2D15-2243
                                            )
v.                                          )
                                            )        CONSOLIDATED
DEPARTMENT OF CHILDREN                      )
AND FAMILIES and GUARDIAN AD                )
LITEM PROGRAM,                              )
                                            )
                Appellees.                  )
                                            )

Upon consideration of the motion for rehearing and clarification filed by

Appellee, Department of Children and Families, on January 4, 2016, it is

ORDERED that Appellee's motion for rehearing and clarification is

granted. This court's opinion dated December 18, 2015, is withdrawn, and the attached

opinion is substituted therefor. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

In the Interest of S.M. and M.M., children.  )
                                )
                                )

R.W.M.,                            )
                                )    Case Nos. 2D14-5630
           Appellant,         )                2D15-2243
                                )

v.                                )
                                )    <u>CONSOLIDATED</u>

DEPARTMENT OF CHILDREN       )
AND FAMILIES and GUARDIAN AD  )
LITEM PROGRAM,             )
                                )
           Appellees.        )
                                )

Opinion filed January 22, 2016.

Appeals from the Circuit Court for Manatee
County; Scott Brownell, Judge.

R.W.M., pro se.

Stephanie C. Zimmerman, Statewide
Director of Appeals, Bradenton, for
Appellee Department of Children and
Families.

Laura Lawson, Tavares, for Appellee
Guardian Ad Litem Program.


BADALAMENTI, Judge.

          In these consolidated appeals, R.W.M., the father, appeals from a final

judgment terminating his parental rights and from an order denying his motion to set

aside his implied consent to the termination of his parental rights derived from his failure

to appear at the adjudicatory hearing. The father contends that he demonstrated excusable neglect for his failure to appear at the adjudicatory hearing and thus his motion to set aside the implied consent to terminate his parental rights should have been granted. We reverse the order denying the motion to set aside the implied consent and the underlying final judgment of termination of parental rights. In so doing, we hold that the father met his burden of persuasion to set aside the implied consent to termination. We thus remand for a new adjudicatory hearing on the petition for termination of parental rights.

As background, after the father filed a notice of appeal in case number 2D14-5630, we granted his attorney's motion to relinquish jurisdiction to hold a hearing on the father's motion to set aside his deemed consent under section 39.801(3)(d), Florida Statutes (2014). The father, who was incarcerated in various jails during the pendency of these proceedings, argued at the evidentiary hearing that he legitimately believed that he could appear for the final hearing by telephone. Accordingly, even though he was transported from the Pinellas County Jail to the Manatee County Jail so that he could attend the adjudicatory hearing in person, he refused transport to the courthouse but remained by the telephone at the jail, expecting to be telephoned when the hearing commenced. The anticipated phone call from the court never came. Meanwhile, at the courthouse, the father's attorney represented to the court that he had advised the father that he had the option to appear at the hearing, sign a surrender, or simply not show up—in which case he would be deemed to have consented. Without further inquiry and in the absence of a motion to continue by the father's attorney, the trial court deemed the father to have implicitly consented to the termination of his

parental rights by default under section 39.801(3)(d). The father subsequently filed a motion to set aside that implied consent by default.

At the evidentiary hearing on the father's motion to set aside the implied consent by default for failure to appear, the father testified that he did not appear at the hearing because he had been informed by his attorney and the court that he would have the option to appear by telephone if he were incarcerated at the time of the adjudicatory hearing. The trial court rejected the father's explanation for his failure to appear, determining he had failed to demonstrate excusable neglect.

Section 39.801(3)(d) states that the "failure of [a] parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights." That being said, it is axiomatic that "Florida public policy favors an adjudication on the merits over the entry of a default, and thus a properly filed motion to vacate a consent by default should be liberally granted." T.L.D. v. Dep't of Children & Family Servs., 883 So. 2d 910, 915 (Fla. 2d DCA 2004) (citing R.H. v. Dep't of Children & Family Servs., 860 So. 2d 986, 988 (Fla. 3d DCA 2003)). Termination of parental rights–which are fundamental rights–by consent implicitly derived from a parent's failure to appear at an adjudicatory hearing is "disfavored." See B.D. v. Dep't of Children & Families, 46 So. 3d 650, 650 (Fla. 5th DCA 2010). Where the record reflects that the parent was making a reasonable effort to appear at the scheduled hearing, the trial court should either grant a short continuance or permit the parent to appear by telephone. Id. (citing D.M. v. Dep't of Children & Families, 921 So. 2d 737 (Fla. 5th DCA 2006); B.H. v. Dep't of Children & Families, 882 So. 2d 1099, 1100-01 (Fla. 4th DCA 2004)).

- 3 -

A parent who moves to set aside a default bears the burden of persuasion. See T.L.D., 883 So. 2d at 914. To set aside the default, the parent must " act with due diligence, demonstrate excusable neglect, and demonstrate the existence of a meritorious defense to the termination petition. " Dep't of Children & Family Servs. v. P.E., 14 So. 3d 228, 236 (Fla. 2009) (quoting E.W. v. Dep't of Children & Family Servs., 878 So. 2d 493, 496 (Fla. 3d DCA 2004)).

Here, there is no challenge to the father's diligence in moving to set aside his consent by default. Even more, the father has consistently asserted that he did not abandon his children. Instead, the father asserted that the mother kept the children away from him so that he could never provide support or forge a meaningful relationship with them despite his incarceration. These allegations, if demonstrated, could conceivably form the basis for a meritorious defense to the petition alleging that the father abandoned his children and that he was an incarcerated parent with a lengthy criminal history who had not provided for his children's care, well-being, or physical, mental, or emotional health. See § 39.806(1)(b), (d)(3), Fla. Stat. (2014). As to excusable neglect, a careful review of the record reveals that the trial court stated to the father at the advisory hearing that he would have the option to appear by telephone if he were incarcerated at the time of the adjudicatory hearing. The trial court, however, never telephoned the father, who was awaiting that call from the jail during the scheduled time of the adjudicatory hearing. It is clear on this record that the father met his burden of persuasion to set aside the consent implicitly derived from his failure to appear at the adjudicatory hearing.

The trial court thus erred when it denied the father's motion to set aside his implied consent to the termination of his parental rights. Accordingly, we reverse the orders on appeal and remand for a new trial on the petition for termination of parental rights. On remand, the trial court shall appoint a different attorney to represent the father in the new trial on petition for termination of parental rights.

ALTENBERND and LUCAS, JJ., Concur.