IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


T.B., FATHER OF O.B., A CHILD,

      Appellant,

 v.                                                                           Case No.  5D17-807

DEPARTMENT OF CHILDREN AND
FAMILIES,

      Appellee.

_____/

Opinion filed July 7, 2017

On Appeal from the Circuit Court,
for Seminole County,
Melissa Souto, Judge.

Allan Campbell, Lake Mary, for Appellant.

Kelley Schaeffer, Appellate Counsel,
Children's Legal Services, Bradenton, for
Appellee.

Rocco Joseph Carbone, III, and Wendie
Michelle Cooper, Appellate Counsel,
Sanford, for Guardian ad Litem Program.


PER CURIAM.

      The father appeals from an order modifying permanency.  The order was entered

at a hearing in his absence.  We reach only one issue and reverse.

The parents consented to a finding of dependency, and the trial court set a case plan for reunification. The parents substantially complied with the case plan, the trial court reunified as to both parents, and set a hearing for six months later as required by section 39.701(1)(b), Florida Statutes (2016). Shortly after reunification, but before the hearing, the father was arrested for burglary and larceny.

At the judicial review hearing, the trial court terminated both supervision and jurisdiction as recommended by the Department of Children and Families ("DCF") and the Guardian Ad Litem ("GAL"), but also modified permanency as to the father. In so doing, the trial court ordered that the father's visitation would be at the discretion of the mother. The father's attorney objected to the order, arguing that the father was incarcerated and had a right to be present. The trial court disagreed and entered the order.

The trial court erred when it modified permanency as to the father during his involuntary absence. This Court has held that "[t]he procedures utilized in a dependency action must comport with due process principles." *A.L. v. Dep't of Child. & Fams.*, 53 So. 3d 324, 328 (Fla. 5th DCA 2010). We believe that the father's right to due process includes his right to attend the hearing in this case. Importantly, no record evidence in this case indicates that the father was intentionally absent or otherwise waived his right to appear. Rather, his failure to attend the hearing was attributable to his incarceration, which can be remedied by the entry of an order directing that the father be transported to attend the hearing.

REVERSED AND REMANDED.

SAWAYA, LAMBERT and EISNAUGLE, JJ., concur.

2