IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

C.R., MOTHER OF Y.L. and B.H-R.,
CHILDREN,

      Appellant,

v.                                                              Case No.  5D17-1736

DEPARTMENT OF CHILDREN AND
FAMILIES,

      Appellee.

_____/

Opinion filed August 17, 2017

Appeal from the Circuit Court
for Osceola County,
Patricia Strowbridge, Judge.

Ryan Thomas Truskoski, of Ryan Thomas
Truskoski, P.A., Orlando, for Appellant.

Kelley Schaeffer, Appellate Counsel,
Children's Legal Services, Bradenton, for
Appellee Department of Children and
Families.

Tasha M. Simmonds and Thomasina
Moore, Sanford, for Guardian Ad Litem
Program.

EISNAUGLE, J.

Mother appeals the termination of her parental rights after default for failing to appear at trial. Mother raises only one issue, arguing that the trial court abused its discretion in entering a default consent termination under section 39.801(3)(d), Florida Statutes (2017), and Florida Rule of Juvenile Procedure 8.525(d), as she was unable to attend trial due to circumstances beyond her control. We affirm.

Mother had notice of the adjudicatory hearing at issue here, and when she failed to appear, the trial court contacted her by telephone. At that time, Mother was outside of the hospital due to what she described as panic attacks, but conceded that she had not checked in for treatment. She advised the court that she intended to surrender her rights, and asked if she could come in the following morning to do so, citing a lack of transportation that afternoon.

The trial court, however, declined to continue the hearing to the next day unless Mother was actually admitted to the hospital, and gave her until 5:00 p.m. to either admit herself to the hospital or appear. At that point, Mother repeatedly told the trial court to default her. Undeterred, the court advised that her counsel would call her shortly, and that he would transport her to the hearing. Nevertheless, Mother failed to answer her counsel's call, and failed to appear by 5:00 p.m. As a result, the trial court entered a consent by default, and terminated her parental rights at a later hearing.

If a parent receives proper notice of an adjudicatory hearing and thereafter fails to appear, "then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights." § 39.801(3)(d), Fla. Stat. (2017). That being said, default is generally disfavored because "[a] natural parent has a 'fundamental liberty interest' in his or her offspring that is protected under the due process

2

umbrella." *E.A. v. Dep't of Child. & Fams.*, 894 So. 2d 1049, 1052 (Fla. 5th DCA 2005) (quoting *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)); *see also A.H. v. Dep't of Child. & Fams.*, 22 So. 3d 801, 803 (Fla. 5th DCA 2009). The purpose of section 39.801(3)(d) "is not to terminate parental rights on a 'gotcha' basis." *E.A.*, 894 So. 2d at 1051. Rather, it is "intended to ensure that the object of the termination petition is not defeated by the neglect of the proceeding by the parent." *Id.* Therefore, "courts should ordinarily refrain from determining a termination of parental rights by default where an absent parent is making reasonable effort to be present at the scheduled hearing and is delayed by forces or circumstances beyond the parent's control." *A.H.*, 22 So. 3d at 803 (quoting *R.P. v. Dep't of Child. & Fams.*, 835 So. 2d 1212, 1214 (Fla. 4th DCA 2003)).

Here, Mother argues that the trial court erred, citing *E.A.*, because she was having medical issues and was unable to attend the trial due to forces beyond her control. Mother's reliance on *E.A.*, however, is misplaced.

In *E.A.*, this court found that the trial court abused its discretion when it failed to set aside a consent default after the father arrived just twenty-two minutes after the adjudicatory hearing began. 894 So. 2d at 1051. Upon arriving at the hearing, the father explained that he had driven to Osceola County from Polk County, that he was delayed on the interstate in heavy traffic caused by an accident, and that he left a voicemail explaining the delay to the court. *Id.*

In stark contrast to the father in *E.A.*, Mother in this case was not simply late for the hearing. Instead of appearing in court, she was outside of the hospital at the time of the hearing, but notably did not admit herself for treatment of her claimed medical issues. That alone may have been enough to support entry of a default by consent. However,

3

after the trial court extended her time to appear, she declined transportation to the hearing from her location outside of the hospital. Thus, in this case, Mother's absence was entirely voluntary, and not due to "forces or circumstances beyond [her] control." *A.H.*, 22 So. 3d at 803 (citations omitted). Indeed, although the trial court offered Mother every reasonable opportunity to appear, she chose to be absent, and default by consent was therefore proper.

AFFIRMED.

LAMBERT and EDWARDS, JJ., concur.