IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

R.E.B., JR., FATHER OF T.S.B., T.J.B.,
T.A.B., J.D.B., J.D.B., I.L.B., R.E.B., AND
J.L.B., CHILDREN

      Appellant,

 v.                             Case No.  5D18-588

DEPARTMENT OF CHILDREN AND
FAMILIES,

      Appellee.

_____/

Opinion filed April 27, 2018

On Appeal from the Circuit Court,
for Brevard County,
Charles G. Crawford, Judge.

Ryan Thomas Truskoski, of Ryan Thomas
Truskoski, P.A., Orlando, for Appellant.

Kelley Schaeffer, Appellate Counsel,
Children's Legal Services, Bradenton, for
Appellee.

Thomasina Moore, Statewide Director of
Appeals, and David P. Krupski, Appellate
Counsel, Sanford, for Guardian ad Litem
Program.


PER CURIAM.

Appellant appeals a final judgment terminating his parental rights arguing that his procedural due process rights were violated when the trial court held a manifest best interest hearing in his involuntary absence. We agree and reverse.[1]

The trial court held two adjudicatory hearings below. The first hearing, on November 2, 2017, considered only whether there were statutory grounds to terminate Appellant's parental rights. The trial court then held a second hearing, on November 9, 2017, addressing whether termination was in the children's manifest best interest and the least restrictive means to protect the children from harm.

Although Appellant and his counsel were present at the first hearing, the trial court did not allow Appellant to attend the second hearing. "So important is the parent-child relationship that the termination of it may be accomplished by the state only with a punctilious regard for the due process rights of the parent." *E.A. v. Dep't of Child. & Fams.*, 894 So. 2d 1049, 1052 (Fla. 5th DCA 2005) (quoting *R.P. v. Dep't of Child. & Fams.*, 835 So. 2d 1212, 1213 (Fla. 4th DCA 2003) (citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *J.B. v. Fla. Dep't of Child. & Fam. Servs.*, 768 So. 2d 1060, 1064 (Fla. 2000))). In this case, Appellant had a due process right to be present for the manifest best interest and least restrictive means portion of the proceedings. *See T.B. v. Dep't of Child. & Fams.*, 222 So. 3d 646, 647 (Fla. 5th DCA 2017). We therefore reverse and remand with instructions for the trial court to conduct a de novo manifest best interest and least restrictive means hearing and to ensure that Appellant and his counsel have an opportunity to attend and fully participate. *See* Fla. R. Juv. P. 8.525(c)-(d).

REVERSED and REMANDED with instructions.

---

[1] The Department properly concedes error.

BERGER, LAMBERT, and EISNAUGLE, JJ., concur.