PER CURIAM.
S.H. ("Mother") appeals the final judgment terminating her parental rights to M.B.[1] We reverse because the trial court terminated Mother's parental rights based on grounds not pled in the petition.
The Department of Children and Families ("the Department") received an abuse report regarding M.B. upon her birth. It responded to the hospital the next day and interviewed Mother, who admitted to smoking marijuana during her pregnancy and testing positive for THC and methamphetamine two months before giving birth. Mother also admitted that she was confined under the Baker Act three times during her pregnancy. M.B. tested positive for THC at birth. Consequently, the Department removed M.B. from Mother's custody.
An ongoing dependency action regarding M.B.'s older sibling, A.B., began almost eighteen months before M.B.'s birth. The allegations in that case involved substance abuse as well as domestic violence. The facts and circumstances of both cases are interrelated. A.B. was adjudicated dependent in October 2016. Mother agreed to a case plan with several requirements, including a substance abuse evaluation that recommended substance abuse treatment. Mother had twelve months to substantially complete the case plan. At the judicial review, the trial court found that she failed in that endeavor.
The Department filed a petition for termination of Mother's parental rights to A.B. just before M.B.'s birth. It filed a separate petition for termination of Mother's parental rights to M.B. shortly after her removal. As to M.B., the Department alleged, pursuant to section 39.806(1)(c), Florida Statutes (2018), that Mother's continued conduct "threatens the child's life, safety, well-being, or health irrespective of the provision of services."
Of significance to our decision are the grounds on which the trial court based its judgment, but that the Department did not allege. It did not allege chronic abuse *1096 of a controlled substance pursuant to section 39.806(1)(j). Nor did it allege the presence of drugs in M.B.'s system at the time of birth in conjunction with a prior finding of harm to a sibling because of exposure to drugs, pursuant to section 39.806(1)(k). We also note that the Department did not allege that the parental rights of a sibling had been involuntarily terminated pursuant to section 39.806(1)(i).[2]
In affirming the termination of parental rights as to A.B., we determined that clear and convincing evidence supported the trial court's ruling that the termination of Mother's parental rights was in A.B.'s manifest best interest and was the least restrictive means for protecting A.B.
Likewise, as to M.B., we conclude that clear and convincing evidence supports the trial court's factual findings. However, the trial court failed to analyze those findings of fact in light of the only ground the Department pled in its petition.
It is axiomatic that terminating parental rights on a ground not pled constitutes a denial of the procedural due process rights of notice and a fair hearing. See D.W.Q. v. A.B., 200 So.3d 87, 88 (Fla. 5th DCA 2015) ; see also Z.M. v. Dep't of Child. & Fam. Servs., 981 So.2d 1267, 1268 (Fla. 1st DCA 2008) (reversing order terminating parental rights on ground not alleged in petition when court suggested for first time after petitioner's case in chief that unpled ground supported termination). A court may not deprive a parent of a fundamental liberty interest in his or her offspring without an opportunity to assess and rebut the alleged reasons for termination. See C.R. v. Dep't of Child. & Fams., 225 So.3d 393, 394 (Fla. 5th DCA 2017) (reiterating that termination of parental rights should not be done on a "gotcha" basis).
We express no opinion whether the evidence presented supported termination of parental rights under section 39.806(1)(c) or whether other grounds were tried by consent. We remand for consideration of those issues and for entry of an amended final judgment, if appropriate.
REVERSED and REMANDED.
COHEN, GROSSHANS, and SASSO, JJ., concur.

In a separate appeal, Mother appealed the final order terminating her parental rights to M.B.'s older sibling, A.B. This Court affirmed that termination. S.H. v. Dep't of Child. & Fams. , No. 5D18-3555, 263 So.3d 306, 2019 WL 638123 (Fla. 5th DCA Feb. 14, 2019). S.B., the father of both children, has not appealed the termination of his parental rights in either case.

The Department could not allege section 39.806(1)(i) as a ground for termination because at the time it filed the petition, Mother's parental rights to A.B. were not terminated.